CHARLOTTE E. RANKIN V. JOHN A. MOORE.

Decided April 6, 1907.

**1.—Deed—Description—Mistake—Evidence.**

Where one of the deeds in a chain of title described the land as having been granted by the Republic of Texas to the grantor in the deed, when in fact it was granted to a different party, evidence considered, and held sufficient to require a submission to the jury of the issue of mistake in such description.

**2.—Same—Recital in Deed as Evidence.**

Under the facts of this case held, error for the court by its charge to limit the probative effect of certain recitals in the deeds in a chain of title.

**3.—Same—Case Distinguished.**

The case of Watkins v. Smith, 91 Texas, 592, approved and distinguished.

Appeal from the District Court of Callahan County. Tried below before Hon. J. H. Calhoun.

*J. D. Harvey* and *W. H. Cliett,* for appellant.—When an unlocated land certificate is in the possession of a person (through whom plaintiff claims), under claim of ownership thereof, or of an interest therein, and such person thereafter locates such certificate, paying all necessary fees and expenses of such location, and receives the patent for the lands thereunder, and he and those claiming under him thereafter continuously, openly and notoriously claimed ownership of said land, paying taxes thereon for a long lapse of time, and having possession

of the original patent and purported titled papers thereto, and no adverse claim being set up by defendant or those under whom he claims, during such long lapse of time, such person will be presumed to be the owner of such land certificate, or the interest by him claimed therein, and proof of such facts presents a prima facie case for plaintiff, entitling her to judgment, in the absence of contrary evidence. Davidson v. Wallingford, 88 Texas, 623; Baldwin v. Roberts, 13 Texas Civ. App., 570.

While the recital in the deeds dated May 15, 1846, from Samuel Jobson to David M. Lawrence, to the effect that the property thereby conveyed was conveyed to said Jobson by Reuben H. Roberts by deed bearing date Jan. 3, 1837, was not evidence that such conveyance from Roberts to Jobson was in fact made, still such recital was proper evidence for consideration by the jury of the grounds and origin and character of the claim of title of said Jobson and those claiming under him, and as explanatory of the possession of Jobson and those claiming under him and the instruction to the jury that such recital should not be considered as evidence that such conveyance had been made, though same might be considered as a matter of description of the property intended then and thereby to be conveyed, was misleading and deprived plaintiff of the benefit of consideration by the jury of said recital for other legitimate purposes for which it could have been considered as above indicated. Mooring v. McBride, 62 Texas 309; Trinity Lumber Co. v. Pinckard, 4 Texas Civ. App., 671; Wells v. Burts, 3 Texas Civ. App., 430. 16 Cyc., p. 1173.

*B. L. Russell* and *Otis Bowyer,* for appellee.—Where one relies on an unambiguous written instrument as part of her chain of title, and such instrument does not in any way connect her with the certificate upon which patent issued, possession of certificate, location and patent carries no presumption of ownership in her favor. Kinney v. Vinson, 32 Texas, 127.

Recitals in deeds are not evidence against strangers. Starkin on Evidence, star page 578, note 1.

SPEER, ASSOCIATE JUSTICE.—Charlotte E. Rankin instituted this suit in trespass to try title to recover from John A. Moore three hundred and twenty acres of land in Callahan County. The defendant, in addition to the plea of not guilty, pleaded the various statutes of limitations. There was a trial before a jury resulting in a judgment in favor of the defendant, from which the plaintiff has appealed.

Appellant is the sole legatee and devisee of Henry L. Rankin, deceased, who claimed a locative interest of one hundred and twenty acres in the land in controversy. Her claim of title was as follows: (1) Land certificate of bounty warrant under which the land in controversy was located, issued to R. Roberts as assignee, purporting to be in lieu of a prior certificate which had been cancelled, bearing date January 20, 1848; (2) two patents, one for the hundred and twenty acre tract, dated July 2, 1874, the other for the two hundred acre tract, bearing date July 3, 1874, to R. Roberts, assignee of James W. Scott, under and by virtue of the land certificate above described; (3) a conveyance

from James W. Scott to Reuben H. Roberts, wherein the grantor conveys to the grantee "three hundred and twenty acres of land to which I am entitled as a volunteer in this republick, and I authorized the said Reuben H. Roberts, his heirs or assigns to locate the said lands to which I am so entitled as a volunteer, in any part of the Republick of Texas, that he may deem proper," of date November 26, 1836; (4) a conveyance from Reuben H. Roberts to Sam'l Jobson, wherein is conveyed "three hundred and twenty acres of land to which I am entitled as a volunteer in this republick, and I authorize the said Sam'l Jobson, his heirs or assigns, to locate the said lands to which I am so entitled as a volunteer, in any part of the Republick of Texas, that he may deem proper," of date of January 3, 1837; (5) an instrument of conveyance bearing date May 15, 1846, acknowledged May 16, 1846, filed for record in Callahan County, Texas, on Sept. 13, 1905, wherein Sam'l Jobson conveys to David M. Lawrence as follows: "All my right, title, interest and claim of, in and to 320 acres of land, unlocated, situated in the State of Texas, being the amount granted on the 17th day of Sept., A. D. 1836, by the then Republic of Texas to James W Scott by certificate dated at Velasco, of that date, No. 87 and signed by Geo. W. Poe, Acting Paymaster General, for services as a volunteer in the Texian army, to which said James W. Scott was entitled under the laws of the then republic as bounty land, which said certificate was assigned to one Reuben H. Roberts and a deed for the lands therein mentioned executed by the said Scott to said Roberts, dated the 26th day of November, A. D. 1836, and which lands was conveyed to me by said Roberts by deed bearing date 3rd day of January, 1837," etc.; (6) a written instrument of conveyance, bearing date December 16, 1846, acknowledged December 17, 1846, filed for record in Callahan County, Sept. 13, A. D. 1905, wherein the grantor, David M. Lawrence, conveys to Thos. J. Dobyns as follows: "All my right, title, interest and claim of, in and to 320 acres of land, unlocated, situated in the State of Texas, it being the amount of bounty land which James W Scott was entitled to by virtue of certificate issued by Geo. W. Poe on the 17th day of Sept., 1836, No. 87, the same being conveyed to me (the said Lawrence) by Samuel Jobson at the city of New Orleans on the 15th day of May, 1846, and I do hereby authorize and empower the said Thomas J. Dobyns to locate the said 320 acres of bounty land, receive a title therefor in his own name," etc.; (7) an agreement in writing between Thos. J. Dobyns and Henry L. Rankin, wherein the former conveyed to the latter an undivided interest of one hundred and twenty acres out of the land in controversy for services in locating the warrant, the same bearing date May 12, 1847; (8) a power of attorney of date May 17, 1847, acknowledged May 26, 1847, wherein Thos. J. Dobyns appoints Henry L. Rankin his attorney in fact to obtain a patent for three hundred and twenty acres of land upon the James W. Scott bounty land warrant; (9) certified copy of will of Henry L. Rankin properly probated, wherein appellant is made his sole legatee and devisee and named as independent executrix of the estate of said Henry L. Rankin, said order of probate being dated July 17, 1883.

Henry L. Rankin died in Waller County in the year 1883 and

after his death there were found among his private papers all of the instruments above mentioned save the last, and the originals of the conveyances from James W. Scott to Reuben H. Roberts and from Reuben H. Roberts to Samuel Jobson, much worn and discolored through age, are included in the record sent to this court. Henry L. Rankin and appellant paid the taxes from about the date of the patent to the year 1898, up to which latter date no one had ever questioned their title or claim so far as plaintiff and her witnesses knew. The proof showed that Henry L. Rankin caused the certificate to be located and obtained the patent, bearing all necessary expenses.

It will be seen that appellant has shown a consecutive chain of title from the sovereignty of the soil to herself, if the instrument executed by Reuben H. Roberts to Samuel Jobson conveyed the land in controversy. It is the contention of appellant that it did and of appellee that it did not. Upon this very vital question appellant requested the court to charge the jury as follows:

"You are charged that if you find from a preponderance of the evidence in this case that the instrument introduced in evidence herein of date January 3, 1837, wherein one Reuben H. Roberts purports to convey to one Samuel Jobson 320 acres of land to which he, the said Reuben H. Roberts, was entitled as a volunteer in the republic, was executed by the said Reuben H. Roberts with the intention upon the part of himself and the said Jobson to thereby convey to said Jobson 320 acres of land to which James W. Scott was entitled as a volunteer in the army of the republic, and that by mistake and inadvertence of the person who wrote such instrument, the property purported to be conveyed by such instrument was erroneously described therein as 320 acres of land to which Reuben H. Roberts was entitled as a volunteer in the army of the republic instead of 320 acres to which James W. Scott was entitled as a volunteer in the army of the republic, then in the event you find the facts so to be from a preponderance of the evidence, you should, in considering of your verdict, give such instrument such weight and effect as you find from the evidence it would be entitled to if it described the property purported to be conveyed thereby as 320 acres of land to which James W. Scott was entitled as a volunteer in the army of the republic."

This charge was refused by the court and appellant complains of the ruling. In support of the judgment appellee insists that there is no evidence to raise such an issue, but we hold otherwise. Without intimating the weight to be attached to the evidence, the circumstances are sufficient to indicate that the scrivener who wrote the instrument of conveyances from Reuben H. Roberts to Samuel Jobson had before him the conveyance from James W. Scott to Reuben H. Roberts, which conveyed the James W. Scott bounty warrant. The one bears every *indicia* of having been copied from the other with the necessary changes of the names of grantors and grantees, and once even in this particular a literal copying of the name of Reuben H. Roberts, as grantee in the second instrument, was erased and the name of Samuel Jobson properly inserted. Even the incorrect spelling of the one instrument is carried forward in the other. More than this, the facts that the James W. Scott bounty warrant is found in the possession of plaintiff's

devisor along with subsequent conveyances declaring that the same was the bounty warrant conveyed by the instrument executed in favor of Samuel Jobson, and the long asserted, undisputed claim of right to and interest therein, are certainly sufficient to raise the issue of mistake in describing the property conveyed. The charge should have been given, and for its refusal the case must be reversed.

Appellant next insists that the court erred in the following paragraph of his general charge:

"You are further instructed that the allegations in the several instruments of writing as to the grantors being heirs of certain persons, or the allegations that they were heirs of certain persons, are not proof or evidence of such heirship, nor should you consider the allegations in a conveyance as to what other conveyances had been made as evidence they had been made, though they may be considered as matter of description of the property then and thereby to be conveyed."

It is only the latter part of the charge that could in any event have prejudiced the rights of appellant. Whether or not the recitation in the conveyance from Samuel Jobson to David M. Lawrence that the James W. Scott land was conveyed to the grantor Jobson by Reuben H. Roberts on January 3, 1837, is evidence that such was the intention of the parties to that instrument, is a question which we have had some difficulty in deciding. We have finally concluded that the court's charge was erroneous in limiting the effect of the testimony as it did. When this testimony was considered, under the limitations of the charge, it went no further than to make sure of what was otherwise certain, that Samuel Jobson conveyed to David M. Lawrence all his right, title and interest to the unlocated three hundred and twenty acres of land granted to James W. Scott for services as a volunteer in the army of the republic. But the question recurs, Did it not also reasonably tend to show, when considered in connection with all the other circumstances in the case, that it was the intention of the parties to the conveyance of January 3, 1837, to convey the James W. Scott land and not the Reuben H. Roberts bounty land? This bounty warrant, which is unmistakably the subject of conveyance in all the other instruments, is found among the title papers of the present claimant for about sixty years, and it is not shown that Reuben H. Roberts was ever entitled to a bounty warrant as a volunteer in the army of the republic. The charge, we think, placed an unwarranted limitation upon the effect to be given to the testimony. The recitations in this ancient deed might have been properly considered by the jury as original evidence, circumstantial though it may be, of a mistake of the scrivener in drafting the Roberts-Dobyns deed. In other words, it tended to show that Samuel Jobson understood and claimed that the instrument of date January 3, 1837, executed by Reuben H. Roberts, conveyed to him all the right, title and interest which the said Roberts had in the James W. Scott certificate. It occurs to us that if a person who is ordinarily prudent in the discharge of his business affairs were interested in the question presented, and were confronted with the recitation under consideration, he would at once conclude that it tended in a large measure to show that Samuel Jobson claimed the

James W. Scott bounty land by reason of the conveyance from Reuben H. Roberts, and further that the description in the Roberts-Jobson deed was a mistake, and why should not the evidence have the same effect upon a jury of ordinary men in the court room? The fact of misdescription which it is thus sought to establish is consistent with the Jobson claim of title and right of possession to the certificate itself, and thus makes lawful what otherwise might not be. See Brewer v. Cochran, 17 Texas, Ct. Rep., 796; 17 Cyc., page 444, N. 77. We do not consider our holding in this respect in anywise in conflict with the case of Watkins v. Smith, 91 Texas, 589, by our Supreme Court, which case perhaps induced the trial court to give the charge under review. The opinion in that case, however, contains the following very significant reservation:

"Whether the facts that a deed has been made by a grantor in which he purports to convey as heir of another; that the grantee has taken possession of the land, used and cultivated it for many years; and that during this time his right has remained unchallenged by any adverse claimant,—would have sufficient probative force to authorize a finding that the grantor was the heir, as recited in the conveyance, is a question not raised in this case, and one which, if raised, need not be determined."

Under the charge of the court, as to which there is no complaint, the jury were required to find that appellee had perfected his title by limitations of five years as to an undivided two hundred acres of the land sued for. In this respect the judgment will be affirmed, but as to the undivided one hundred and twenty acres claimed by plaintiff by virtue of the contract held by her deceased husband, the judgment is reversed and the cause remanded for another trial.

*Affirmed in part and reversed and remanded in part.*