### W. B. TEAGARDEN ET AL. v. A. PATTEN ET AL.

Decided January 18, 1908.

**1.—Deed—Recital of Title—Evidence.**

The recital in a deed of the existence of other deeds, constituting the grantors chain of title, is not in and of itself competent and sufficient evidence of the existence of such deeds, as against strangers, even though the deed in which the recital occurs be more than thirty years old. Such a recital binds only the parties and those who claim under them. In a case of trespass to try title, a paper title considered, and held insufficient to support the judgment of the court.

**2.—Trespass to Try Title—Prior Possession.**

Where, in a suit of trespass to try title, it appeared that the plaintiffs and those under whom they claimed, had had for several years actual possession of the land in controversy and afterwards had exercised acts of owner-ship over the land by paying taxes and selling the timber to parties who took possession of the land for the purpose of cutting the timber, and continuous assertion of title, the evidence was sufficient, on the ground of prior possession, to support a judgment against mere trespassers.

**3.—Power of Attorney—Insufficiency.**

A power of attorney which authorized the agent to sell land of the principal "situated in ————— County, Texas," is insufficient to support a deed executed by the agent in the name of his principal, in the absence of evidence that the principal owned no other land at the time the power of attorney was executed than that sold by the agent.

**4.—Agency—Ratification—Evidence.**

The single circumstance that about nine or ten months after the sale of the land in controversy the owner received from the agent a check for about the amount of the purchase money without evidence to identify the check with the purchase money of the land, was insufficient to prove a ratification by the owner of the sale by the alleged agent.

**5.—Outstanding Title—Prior Possession.**

The presumption of superior title in plaintiffs, in trespass to try title, arising from their prior possession, as against a trespasser, is not overcome by proof of a grant from the State to one with whom plaintiff's chain of title does not connect. Nor will the fact that plaintiffs have not been in possession of the land for a number of years, defeat their right to recover against a mere trespasser.

Appeal from the District Court of Wood County. Tried below before Hon. R. W. Simpson.

*F. J. McCord* and *Teagarden & Teagarden,* for appellants.—There

was no competent testimony to show that Taylor or plaintiffs ever acquired the Holman title or any other. Overand v. Menczer, 83 Texas, 122; Mills v. Herndon, 60 Texas, 353; Baldwin v. Goldfrank, 88 Texas, 249, 258; Wethered v. Boon, 17 Texas, 150; Dodge v. Signor, 44 S. W. Rep., 926; League v. Trepagnier, 13 Texas Civ. App., 523; 4 Kent's Com., 179; Sudgen on Vendors, ch. 23.

The recitals in the Trout deed showing an old chain of title from Holman to Taylor, if admissible at all, constitutes no evidence, not even a surmise. Watkins v. Smith, 91 Texas, 590; Paschal v. Evans (Texas Civ. App.); 30 S. W. Rep., 924; 44 S. W. Rep., 927.

A defective power will not be enforced as against intervening equities and rights. 35 Texas, 795; 47 Texas, 153; 2 Rose Notes of Texas, p. 801.

Registration of a deed not duly authenticated is a nullity and is not notice to anybody. Taylor v. Harrison, 47 Texas, 454.

The court erred in allowing plaintiffs to read in evidence certain recitals in the deed from F. O. Taylor, as attorney in fact, to W. S. Trout, to the effect that W. W. Holman conveyed the land to Wiley S. Ferrell on the 21st day of October, 1854, and that Wiley S. Ferrell conveyed it to H. P. Mabry on the —— day of ———, 185—, and that said H. P. Mabry conveyed it to David Taylor by deed on January 8, 1856. McCoy v. Pease, 19 Texas Civ. App., 660; Wren v. Howland, 75 S. W. Rep., 896; Maxson v. Jennings, 48 S. W. Rep., 785; Summerhill v. Darrow, 94 Texas, 71; Nehring v. McMurrian, 57 S. W. Rep., 943; Hart v. Meredith, 65 S. W. Rep., 508; Chamblee v. Tarbox, 27 Texas, 145; Baldwin v. Goldfrank, 9 Texas Civ. App., 269, s. c., 88 Texas, 249; Watkins v. Smith, 91 Texas, 591; Masterson v. Jordan, 24 S. W. Rep., 549; Byers v. Wallace, 87 Texas, 512; Overand v. Menczer, 83 Texas, 128; Parker v. Spencer, 61 Texas, 164; Blackburn v. Crawford, 3 Wall, 175; Tyler on Ejectment and Adv. Enjoyment, pp. 556 and 557, and authorities cited.

That the subsequent acts of the parties may be looked to to identify the land conveyed by a deed and to determine what land the grantor intended to convey, see Farley v. Deslonde, 58 Texas, 588; Hammond v. Coursey, 2 Posey's U. C., 32; Maxson v. Jennings, 48 S. W. Rep., 785; Houston v. Killough, 80 Texas, 308; Hughes v. Sandal, 25 Texas, 164; Tynan v. Dullnig, 25 S. W. Rep., 465; Atchison, T. & S. F. Ry. v. Patch, 28 Kan., 470; Armstrong v. DuBois, 90 N. Y., 95.

*Hart & Hart, A. J. Britton* and *Leake & Henry*, for appellees.— Recitals in an ancient instrument shown to have come from the proper custody in relation to the pre-existing deeds, constituting a part of the chain of title of which the ancient instrument is a link, are admissible in evidence to establish the existence of the deeds recited which can not be produced, and, taken with the other facts in the evidence, demanded a submission to the jury and a finding of the jury to the effect that the deeds recited in the ancient instrument to have existed did exist in fact, and vested the title to the land in controversy in the appellees. Fulkerson v. Holmes, 117 U. S., 398; Deery v. Cray, 5 Wallace, 805; Norris v. Hall, 82 N.

W. Rep., 832; Maxson v. Jennings, 48 S. W. Rep., 781; O'Donnell
v. Johns, 13 S. W. Rep., 376; Storey v. Flanagan, 57 Texas, 649;
Johnson v. Shaw, 41 Texas, 428. Insufficiency of power of attorney:
Harnage v. Berry, 43 Texas, 567; Wynne v. Parke, 30 S. W. Rep.,
55; Blume v. Rice, 32 S. W. Rep., 1056; Skaggs v. Murchison, 63
Texas, 353; Frost v. Erath Cattle Co., 81 Texas, 509; Connor v.
Parsons, 30 S. W. Rep., 84; Franklin v. Piper, 23 S. W. Rep.,
942; Smith v. Powell, 23 S. W. Rep., 1109. Irrelevancy of facts
as indicating any ratification of the conveyance of the particular
tract of land: Williams v. Moore, 58 S. W. Rep., 953; Smith v.
Estill, 87 Texas, 271; Iron City Nat. Bank v. Fifth Nat. Bank, 47
S. W., 533.

TALBOT, ASSOCIATE JUSTICE.—This is an action of trespass to
try title in statutory form, brought by the appellees against appel-
lants to recover 1280 acres of land, patented to W. W. Holman as
assignee of John M. Dixon and situated in Wood County, Texas.
The defendants, T. H. Langley and Sam Teagarden, disclaimed any
interest in the land and had judgment upon their disclaimers. The
defendants, W. B. Teagarden and Mrs. Mary B. Hendricks, pleaded
a general denial and not guilty; that W. B. Teagarden owned an
undivided one-half interest in said land and Mrs. Hendricks the
other one-half undivided interest, and that the claim of the plain-
tiffs was a cloud upon their title. They prayed that this cloud
be removed and for title and possession of the land. A jury trial
resulted in a verdict and judgment in favor of the appellees, plain-
tiffs below, and the defendants have appealed.

Appellants contend, (1), that appellees failed by any competent
evidence to show that title ever passed out of the original grantee,
W. W. Holman or his heirs, or that they, or either of them, ever
acquired that title, or any other title, superior to that shown by
appellants; (2) that the undisputed facts show that both of the ap-
pellants, W. B. Teagarden and Mrs. Hendricks, as well as R. F.
Hendricks, under whom they claim, were innocent purchasers of the
land in controversy, for value and without notice, either actual or
constructive, of any outstanding conveyance of Holman, if there
was any, and that they held the superior title; or that they showed
a superior outstanding legal title.

In deraigning their title, plaintiffs introduced the following docu-
mentary evidence: 1. A patent to the land in controversy issued
by the State of Texas to W. W. Holman, assignee of John M. Dixon,
dated August 23, 1854; 2. A power of attorney executed by David
Taylor on the 23d day of June, 1866, constituting and appointing
Frank O. Taylor his attorney in fact, among other things, "to sell,
transfer and convey or to mortgage all or any part of his real, per-
sonal or mixed estates." This instrument was duly recorded in
Wood County, Texas, August 5, 1871; and the records having been
burned in 1878, it was again recorded in said county April 8,
1882. 3. A deed from David Taylor, of Lynn, Massachusetts, by
and through his attorney in fact, Frank O. Taylor, executed May 8,
1871, conveying the land in controversy to W. S. Trout, of

Wood County, Texas. This deed was duly acknowledged and recorded in Wood County, Texas, May 8, 1871, and recites that Frank O. Taylor is acting on behalf of David Taylor, "by virtue of letters of attorney, a true copy of which is hereto annexed for reference," etc. It also contains the following recitals, with respect to the land therein conveyed, to wit: "All that tract of land patented by the State of Texas to W. W. Holman, assignee of John M. Dixon, on the 23d day of August, A. D. 1854 (and conveyed by deed from said W. W. Holman to Wiley S. Ferrell on the 21st day of October, A. D. 1854, and by deed from said Wiley S. Ferrell to H. P. Mabry on the ——— day of ————, A. D. 185—, and by said H. P. Mabry to said David Taylor by deed on the 8th day of January, A. D. 1856)." This deed, after the records of Wood County were burned in 1878, was re-recorded in that county April 8, 1882. 4. A deed from W. S. Trout dated December 12, 1873, conveying the whole of said land and 160 acres in another survey to A. L. Patten, the consideration expressed being $720. This deed was recorded first in Wood County, Texas, on the same day of its execution and again April 8, 1882. 5. A certified copy of a deed from W. S. Trout conveying an undivided one-half of said land to E. S. Trimble, dated May 4, 1872, consideration $640. This deed was recorded in Wood County, Texas, January 10, 1874, and again on August 5, 1882, and also contains a recital identically like the deed from Taylor to Trout to the effect that Holman sold the land to Ferrell and Ferrell to Mabry and Mabry to Taylor. 6. Deeds showing that such title as Patten and Trimble acquired by the foregoing conveyances passed to and vested in appellees. W. W. Holman, Sr., died in 1873, and left surviving him his son and only heir, W. W. Holman, Jr., who died in April, 1876, leaving an infant son, W. L. Holman, who, since 1883, has been his sole surviving heir.

As their chain of title appellants introduced: 1. A power of attorney from W. L. Holman to R. F. Hendricks, the then husband of appellant, Mary B. Hendricks, dated August 7, 1900, by the terms of which the said W. L. Holman constituted and appointed the said R. F. Hendricks, of Dallas, Texas, his attorney in fact to sue for, recover and perfect his "title to any land situated in ——— County, Texas," to which he, as the heir of the said W. W. Holman, deceased, was entitled. The said Hendricks was also empowered by this instrument to sell, transfer and convey any such land, and in consideration of his services the said W. L. Holman conveyed to him "one-half of said land or half of proceeds from sale of same." 2. A deed from W. L. Holman by the said R. F. Hendricks as his attorney in fact and by the said R. F. Hendricks for himself to T. H. Langley for all the land in controversy, which deed recited a consideration of $500 cash, and is dated September 10, 1900. 3. A deed from T. H. Langley to Mrs. Mary B. Hendricks, dated May 28, 1902, conveying to her all the land in question, which expressed a consideration of $500. 4. A warranty deed from Mrs. Mary B. Hendricks to appellant, W. B. Teagarden, conveying to him an undivided one-half of said land, dated June 3, 1903, and

reciting the following consideration: "For and in consideration of Two Hundred Dollars to me paid by W. B. Teagarden and in further consideration of services rendered and to be rendered as an attorney." All of these instruments were properly acknowledged and recorded in Wood County, Texas, and the said power of attorney to R. F. Hendricks bears no marks or evidence of having been recorded elsewhere.

The jury were instructed, in effect, that if plaintiffs had shown by a preponderance of the evidence that W. W. Holman conveyed the land in controversy to Wiley S. Ferrell, and that Ferrell conveyed the same to H. P. Mabry and Mabry to David Taylor, and that David Taylor executed the power of attorney authorizing Frank O. Taylor to sell and convey said land to find for plaintiffs, unless they further found that defendants, W. B. Teagarden and Mrs. Hendricks, were innocent purchasers for a valuable consideration.

It will be observed that plaintiffs produced no ·deed or conveyance from Holman to Ferrell, from Ferrell to Mabry, or Mabry to Taylor, but relied upon the recital or mention of such deeds, as is contained in the conveyance from Taylor to Trout, together with the other circumstances of the case, in proof of their execution and existence. The first question presented then is: Were these recitals in the deed from Taylor to Trout competent and sufficient evidence to show that Holman, the original grantee· of the land, ever parted with his title or that appellees had acquired it? We think not. The general rule is, that recitals in a deed are only evidence against the parties and their privies, and do not affect strangers. 1 Greenl., 23; Watkins v. Smith, 91 Texas, 589. In Carver v. Jackson, 4 Peters, 1, Judge Story says: "It is laid down generally that a recital of one deed in another binds the parties and those who claim under them. Technically speaking, it operates as an estoppel and binds parties and privies; privies in blood, privies in estate, and privies in law. But it does not bind mere strangers or those who claim by title paramount the deed. It does not bind persons claiming by an adverse title, or persons claiming from the parties by title anterior to the date of the reciting deed." Giving an example of an exception to this general rule, he says: "But there are cases in which a recital may be used as evidence even against strangers. If, for instance, there be the recital of a lease in a deed of release, and in a suit against a stranger the title under the release comes in question, then the recital of the lease in such release is not *per se* evidence of the existence of the lease. But if the existence and loss of the lease be established by other evidence, then the recital .is admissible as secondary proof in the absence of more perfect evidence to establish the contents of the lease; and if the transaction be an ancient one, and the possession has been long held under such release, and is not otherwise to be accounted for, then the recital will of itself under such circumstances materially fortify the presumption from lapse of time and length of possession of the original existence of the lease." In Ford v. Gray, 1 Salk, 285, cited in the case of Carver v. Jackson, *supra*, it is said that "the recital of a lease in a deed of release is good evidence of such lease

against the releasor and those who claim under him; but as to others it is not, without proving that there was such a deed, and it was lost and destroyed." So, too, proof to show pedigree forms a well settled exception to the rule which excludes hearsay evidence, and hence a statement contained in a deed or other written instrument executed by one who has since died is admissible on the subject of his pedigree. In the case of Chamblee v. Tarbox, 27 Texas, 146, Judge Moore says: "Recitals in deeds are, ordinarily, said to be evidence only against parties and privies; but when the recital is of a matter of pedigree which includes the facts of *birth, marriage* and *death,* it may be used as original evidence even against strangers." Summerhill v. Darrow, 94 Texas, 71; Wren v. Howland, 75 S. W. Rep., 894. It is also well settled in this State, that the power under which an ancient deed, admissible in evidence without proof of its execution, purports to have been executed, will be presumed, and a recital of such power will be held sufficient evidence of its existence and execution. Johnson, Admr., v. Timmons, 50 Texas, 521; Veramendi v. Hutchins, 48 Texas, 532; Harrison v. McMurray, 71 Texas, 122; Watrons v. McGrew, 16 Texas, 506.

But the evidence does not bring the instant case within either of the exceptions to which we have referred. The deed containing the recitals in question, it is true, is more than thirty years old, and there is evidence of actual possession of a portion of the land for a time, together with the assertion of title to all of it, and of the exercise of acts of ownership and dominion since 1873 or 1874; but the recitals furnish no proof of pedigree and have no relation to the power to execute the instrument in which they appear. Nor is there any evidence other than the recitals themselves, that either of the recited deeds in the conveyance from David Taylor to W. S. Trout was ever in existence. Although Patten made diligent search they were not found, and no one who had ever seen them was discovered. The declaration that Holman conveyed the land to Ferrell and Ferrell to Mabry and Mabry to Taylor is made by the agent of the grantor, who claimed under the said Holman, Ferrell and Mabry, and is one in no way related to either of them, so far as anything to the contrary appears, and there is nothing in the evidence tending to show that he was ever in a position to know or had acquired knowledge of the facts stated. It is a self-serving declaration of title, by virtue of the recited deeds, "and can be no more evidence of the truth of the assertion thirty years after the statement was made than it was on the day the instrument was executed." Analogous cases in support of the conclusion reached upon this branch of the case are Watkins v. Smith, 91 Texas, 589, and McCoy v. Pease, 42 S. W. Rep., 659. In both of these cases it was held that a recital that the grantor is the heir of a person deceased is no evidence, as against a stranger, of the heirship, the deed in which such recital was contained in the last cited case being an ancient instrument. We, therefore, hold that the recital in the deed from Taylor to Trout, that Holman had deeded the land in controversy to Ferrell and that Ferrell had deeded it to Mabry and Mabry to Taylor, was not evidence of the execution and existence

of such deeds, and that appellees wholly failed to show a paper title to the land sought to be recovered.

The next question is: Were the appellees entitled to recover upon the theory of prior possession and that appellants showed no title? We have reached the conclusion that this question should be answered in the affirmative. The jury were instructed that if they believed the appellees had shown by a preponderance of the evidence that they or A. L. Patten took actual possession of the land, or a part thereof, in 1873 or 1874, through a tenant, then to find for plaintiffs, unless they found that W. L. Holman authorized Hendricks to sell the land. The verdict of the jury embraces a finding favorable to appellees upon this issue, and we are of the opinion their verdict is supported by the law and the facts. In an action of trespass to try title proof of prior occupancy or possession is sufficient evidence of title in the plaintiff to entitle him to recover against a mere trespasser. Wilson v. Palmer, 18 Texas, 592; Kolb v. Bankhead, 18 Texas, 231; Alexander v. Gilliam, 39 Texas, 229; Keys v. Mason, 44 Texas, 142; Parker v. Fort Worth & Denver City Ry. Co., 71 Texas, 132; Watkins v. Smith, *supra*. The uncontradicted evidence shows that Patten took actual possession of the land in 1873 or 1874, and placed a tenant upon it under a lease of five years. This tenant remained upon the land about two years and moved off. During his occupancy of the land he dug a well, built a house and cleared and cultivated three or four acres of land. After the removal of the tenant from the land appellees continued to exercise acts of ownership over it by paying taxes, selling the tie-timber and placing the purchasers of it upon the land to cut and remove said timber, and at all times have asserted title to the land.

Appellants showed no title, and must be regarded as mere trespassers. The power of attorney from W. L. Holman to R. F. Hendricks, through which appellants claim, and upon the sufficiency of which their title depends, totally fails on its face to confer any authority upon the said Hendricks to sell and convey the land involved in this suit. As shown in a former part of this opinion, this instrument constitutes and appoints the said R. F. Hendricks W. L. Holman's agent to sell land of the latter "situated in ———— County, Texas." This description is insufficient to identify and designate the land sued for as the land authorized to be sold, and it is not shown *aliunde* that it is the only piece or tract of land which W. L. Holman owned at the time the power of attorney was executed. On the contrary, it appears that the said Holman had inherited from his father's estate a large number of tracts of land in Denton and perhaps other counties of this State, which were then owned by him. It is elementary that the power of attorney must be strictly construed according to its plain import, and, it not having been shown that the land in controversy was the only tract of land owned by W. L. Holman at the time of its execution, we are not authorized to presume, in the absence of proof, that such was the fact. Skagg v. Murchison, 63 Texas, 348; Wynne v. Parke, 30 S. W. Rep., 55; 2 Dev. on Deeds, sec. 1010.

Nor was the evidence sufficient to justify a finding that W. L. Holman, with full knowledge of the acts of Hendricks in making the sale of the land in controversy, ratified and adopted it. The only circumstance to be gleaned from the record, even remotely tending to show ratification, is that some nine or ten months after the date of the deed from Hendricks to Langley, Hendricks appears to have drawn a draft or check in favor of W. L. Holman or order for $280.25, on Caston & Ayres, bankers of Dallas, Texas. This check on its back bore Holman's endorsement and appears to have been paid, but there is nothing in the evidence which identifies the drawing of the check with the transaction involving the sale of the land. This was too indefinite and uncertain to warrant the inference that the money represented by this check was paid by Hendricks and received by Holman on the sale of the land in Wood County. The jury therefore correctly found against the theory of ratification.

The contention of appellants that the *prima facie* evidence of title afforded by appellees' prior possession of the land, was rebutted and overthrown by proof of an outstanding title, is not sustained, in our opinion, by the record. It is true the evidence shows that the State issued a patent to W. W. Holman for the land and that appellees, under our holding, did not connect themselves with said patent; but they produced a regular chain of title from David Taylor; took actual possession of the land in 1873 or 1874 by tenant, and held continuous, peaceable and adverse possession of it for two or more years. Appellants took possession long subsequent to appellees' entry and without their consent, and because the latter's title did not connect with the patentee, Holman, it can not be said that the evidence showed an outstanding title in said Holman or his heirs which was sufficient to defeat the right of appellees to recover the land. The presumption of superior title in the appellees, from their prior possession, as against trespassers, is not overcome by proof of a grant from the State to one with whose patent appellees' chain of title does not connect. House v. Reavis, 89 Texas, 626; Watkins v. Smith, *supra;* Cook v. Spencer, 91 S. W. Rep., 813. Nor will the fact that appellees had not been in actual possession of the land for a number of years defeat their right to recover against mere trespassers. Boyd v. Miller, 22 Texas Civ. App., 165.

If the views expressed are correct, it follows that the court did not err in refusing to give appellants' requested instruction directing the jury to return a verdict in their favor; nor in overruling their motion for a new trial; that the matters complained of in the several assignments of error relating to the court's charge, special charges refused and admission and rejection of evidence did not constitute error and need not be discussed.

We have carefully considered each assignment and finding no error requiring a reversal of the case, the judgment of the court below is affirmed.

*Affirmed.*

Writ of error refused.