**GOODE et al. v. GODSEY.** (No. 1383.)

(Court of Civil Appeals of Texas. Beaumont. April 2, 1926.)

**1. Appeal and error ⚙═719(8).**

Finding of trial court, which is not attacked on appeal, must stand.

**2. Death ⚙═2(1)—Court held authorized to presume absentee, unheard of for 10 years, was dead.**

Court *held* authorized to presume that man was dead, who had disappeared 10 years before and had not been heard of since, though he had been searched for the world over.

**3. Trespass to try title ⚙═48—Judgment for plaintiff, in suit for recovery of land against man who had disappeared 10 years before and had not been heard of since and his unknown heirs and legal representatives, held to have vested all title in plaintiff (statutes of limitations of 3, 5, and 10 years [Rev. St. 1925, arts. 5507, 5509, 5510]).**

Judgment for plaintiff, in suit for recovery of land against a man who had disappeared 10 years before and had not been heard of since and against his unknown heirs and legal representatives, *held* to pass all title from them and vest title in the plaintiff, so that, the statutes of limitations of 3, 5, and 10 years not barring plaintiff's nor his successor's rights,. his successor had title.

Appeal from District Court, Jefferson County; J. D. Campbell, Judge.

Trespass to try title by H. M. Godsey against Jordan Goode, Tom C. Stephenson, and others. Judgment for plaintiff, and all the defendants except Tom C. Stephenson appeal. Affirmed.

Howell & Stephenson, of Beaumont, for appellants.

H. C. Keen, of Beaumont, for appellee.

HIGHTOWER, C. J. The appellee, as plaintiff, filed this suit in the district court (Sixtieth district) of Jefferson county, in form of trespass to try title, against Jordan Goode and his wife, Nancy Goode, and G. L. Howell and Tom C. Stephenson, as defendants, seeking to recover the title and possession of approximately three-fourths of an acre of land, a portion of a certain 20-acre tract of land in the James Drake headright survey in Jefferson county; the 20-acre tract being known as the George Turner 20-acre tract.

The defendants Jordan Goode and Nancy Goode and G. L. Howell answered by general denial, plea of not guilty, and further interposed as a defense the statutes of limitation of 3, 5, and 10 years (Rev. St. 1925, art. 5507, 5509, 5510. The defendant Tom C. Stephenson filed a disclaimer. Before the case was reached for trial in the lower court, the defendant Jordan Goode died, and his heirs

were properly parties defendant, interposing the defenses above stated.

The case proceeded to trial before the court without a jury, and the result was a judgment in favor of the plaintiff, Godsey, against all defendants for the land sued for by him, and from that judgment this appeal is prosecuted by all the defendants, with the exception of Tom C. Stephenson, who, as we have stated, had disclaimed.

At the request of appellants, the trial court filed findings of fact and conclusions of law, the findings of fact being, in substance, the following:

That the parties to this suit claimed title to the land involved from John Carr and Mary Carr as their common source of title, and that on August 16, 1859, the title was in John and Mary Carr. That the heirs of John and Mary Carr, namely James Carr, Clarinda Carr, George Carr, Lee Carr and Andrew Carr, on October 27, 1904, by their deed of that date, conveyed the land involved to the Beaumont Improvement Company. That on December 1, 1914, the Beaumont Improvement Company, by its deed of that date, conveyed the land involved to J. V. Fleming. That on March 13, 1924, J. V. Fleming, by his deed of that date, conveyed the land involved to H. M. Godsey, the plaintiff in this suit.

The trial judge further found:

That on March 16, 1882, there was some character of outstanding title to the land in controversy in Longe & Co., and that on that date Longe & Co. conveyed the land in controversy to George Turner. That on March 15, 1893, George Turner, by his deed of that date, conveyed the land in controversy to the defendant Jordan Goode. That on January 31, 1903, Jordan Goode and wife, Nancy Goode, by their general warranty deed of that date, conveyed the land in controversy to S. V. Hause. That on August 27, 1903, S. V. Hause, by his deed of that date, conveyed the land in controversy to his son, J. M. Hause. That S. V. Hause died about the year 1914, leaving as his heirs two sons, R. H. Hause and J. M. Hause, and one daughter, Mrs. Annie F. Turnham, wife of T. D. Turnham. That J. M. Hause disappeared in the year 1914, and that he has never been heard from since that time, although diligent efforts have been made to find him. That on June 15, 1923, R. H. Hause and Mrs. Annie F. Turnham, joined by her husband, T. D. Turnham, by their deed of that date, conveyed the land in controversy to H. C. Keen, and 'that R. H. Hause and Mrs. Turnham, the grantors in that deed, were the only heirs of S. V. Hause and J. M. Hause. That on March 12, 1924, H. C. Keen, by his deed of that date, conveyed the land in controversy to H. M. Godsey, the plaintiff in this suit. That on March 8, 1924, in a suit in the district court of Jefferson county, Tex. (Fifty-Eighth district), H. C.

⚙═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Keen, as plaintiff, recovered of and from J. M. Hause, if living, and of his unknown heirs and legal representatives, if dead, and the unknown heirs of S. V. Hause and their legal representatives, the land in controversy. That on January 14, 1924, Jordan Goode and his wife, Nancy or Nanny Goode, by their deed of that date, conveyed a one-half interest in the land involved to the defendant G. L. Howell. That, while the appellants in this case had filed an affidavit of forgery, thereby attacking as a forgery the deed executed by them to S. V. Hause on January 31, 1903, as before stated, as a matter of fact that deed was not a forgery, but was the genuine deed of Jordan Goode and his wife, Nancy Goode, to S. V. Hause, as it purported to be. That from and after January 31, 1903, until on or about the 14th day of January, 1924, the defendants Nanny or Nancy Goode and Jordan Goode made no claim to the property in controversy, but, on the contrary, denied repeatedly any claim to the same, and that during that period of time said defendants did not have possession of the property in controversy.

On the foregoing findings of fact the court concluded that the appellee, H. M. Godsey, had shown a regular chain of title to the land in controversy from the agreed common source, and that he had acquired all title that was ever held by Jordan Goode and his wife, Nancy Goode, to the land in controversy, and that said defendants have no title to or interest in the land in controversy.

Appellants, in their brief in this case, assail the judgment of the court under some five assignments of error and propositions; the substance of all their contentions being that the appellee failed to show title to the land in controversy from the sovereignty and also failed to show title from the common source, and also that the trial court was in error in finding and concluding that appellants had not acquired title under their plea of limitation of 10 years.

We shall not take up the specific propositions advanced by appellants for reversal, but what we shall say will dispose of them all.

One contention made by appellants is that there was no evidence adduced upon the trial showing that James Carr, Clarinda Carr, George Carr, Lee Carr, and Andrew Carr were in fact the heirs of John and Mary Carr, and that therefore their deed, dated October 23, 1904, purporting to convey the land in controversy to the Beaumont Improvement Company, did not have the effect to pass the title from the common source to the Beaumont Improvement Company, from which appellee deraigns title by mesne conveyances. It is recited in this deed by James Carr and others that they are the children and heirs of John and Mary Carr, and this deed was introduced in evidence with this recitation of fact as to heirship, and there was no objection interposed by appellants to this recitation of such fact of heirship. There was also a power of attorney introduced in evidence which these claimed heirs, James Carr and others, executed to one F. G. Morris some four years prior to their deed, in which it was also recited that they were the children and only heirs of John and Mary Carr, and this power of attorney was introduced with this recitation as to the fact of heirship without objection on the part of appellants, and this recitation could have been only introduced by appellee for the purpose of proving the heirship of James Carr and others, because the power of attorney constituted no link in appellee's chain of title, since Morris had not exercised the power of selling the land for the claimed heirs, as he had a right to do under the power.

In support of their contention in this connection, counsel for appellants cite several authorities, same being McCoy v. Pease, 42 S. W. 659, 17 Tex. Civ. App. 303; Stuart v. Harper (Tex. Civ. App.) 143 S. W. 712; Teagarden v. Patten, 107 S. W. 909, 48 Tex. Civ. App. 571; Watkins v. Smith, 45 S. W. 560, 91 Tex. 589. These authorities hold that a recital of heirship, contained in a power of attorney or deed as here, that the grantors therein are the heirs of a certain person, is not competent proof of the fact of heirship as recited. In some of these cases, when such recitals were offered as proof of the fact of heirship recited, objections were made, and it was held by the court that such objections were good, and that such recitals were inadmissible to prove the recited fact of heirship. In other of these cases, it does not appear whether objections were made at the proper time to such recitals when offered in evidence. All of the cases hold that such recitals are only binding upon the parties to such a deed and their privies, and that such recitals are not admissible in evidence to prove the fact of heirship as against strangers to such a deed. Whether or not such a recital of heirship in a deed or power of attorney, when introduced in evidence without objection for the purpose of proving the heirship, as recited, is sufficient proof of itself to establish the claimed heirship, in the absence of any evidence to the contrary, is unnecessary for us to determine in disposing of this appeal, since we have reached the conclusion that the judgment must be affirmed for other reasons. If, however, the recitations of heirship contained in this power of attorney and deed were sufficient, in the absence of objections on the part of appellant and in the absence of any evidence contrary to such recited fact of heirship, then the appellee in this case showed a regular title to the land in controversy from the common source from which all parties claim, and such title was superior to any title offered by appellants.

[1, 2] Appellants have not assailed in this court the finding by the trial court that the deed from Jordan Goode and wife,

Nancy Goode, to S. V. Hause, was a genuine deed, and therefore that finding must stand, and by that deed all title that Jordan Goode and wife had acquired from George Turner passed to S. V. Hause, and the title was passed out of S. V. Hause to his son, J. M. Hause, by deed duly executed by S. V. Hause, as we have shown above. But counsel for appellants contend that no title was shown by the evidence to have passed out of J. M. Hause to the land in controversy, for the reason that the evidence failed to show that J. M. Hause was dead, and also failed to show, if he was dead, that R. H. Hause and Mrs. Turnham, his brother and sister, respectively, were the true and legal heirs of J. M. Hause, and that therefore no title was shown from J. M. Hause to appellee. As we have already shown, the court found, and the evidence is abundantly sufficient to sustain the finding, that J. M. Hause disappeared some time in the year 1914, and that he has not been heard of since that time, although the evidence shows, as one of the witnesses stated, he had been "searched for the world over." Therefore, as to the proof of death of J. M. Hause, we hold that the court was authorized to presume that J. M. Hause was dead, by reason of his long absence without being heard from. As to whether the evidence was sufficient to show that R. H. Hause and Mrs. Turnham were the only heirs of J. M. Hause, it is unnecessary for us to determine in order to a disposition of this appeal, because we are of the opinion that the judgment must be affirmed whether or not the evidence was sufficient to establish the fact that R. H. Hause and Mrs. Turnham were the only heirs of J. M. Hause.

[3] We hold that the judgment rendered in the district court of Jefferson county in favor of H. C. Keen against J. M. Hause, if living, and against his unknown heirs and legal representatives, if dead, had the effect to pass all title out of J. M. Hause or his unknown heirs and legal representatives to the land in controversy, and to vest it in the plaintiff, Keen, in that suit, and that, since the appellee holds the title so acquired by Keen, he was entitled to recover the land in controversy, regardless of all other reasons, unless the evidence was such as to show that appellants had acquired the title under some of their pleas of limitation.

The evidence upon the defenses of limitation interposed by appellants was not such as to compel a finding by the trial court in their favor on any of their pleas of limitation, but, on the contrary, the evidence was sufficient, as we hold, to sustain the court's finding and conclusion that appellants had not acquired title to the land or any portion of it in controversy by limitation, and therefore we overrule the contention made by counsel for appellants that the court should have rendered judgment in their favor upon their pleas of limitation of 10 years.

From these conclusions, it follows that this court is of the opinion that the judgment must be affirmed, and it has been so ordered.