LEWIS D. WALKER ET AL. v. R. N. READ ET AL.

(Case No. 1546.)

1. JUDGMENT FOR CO-TENANT; EFFECT OF. - A judgment in favor of a co-tenant for all the land claimed by the several tenants in common inures to the benefit of all the tenants in common, so far as the right to possession is concerned, where the petition discloses their several interests; but in a future action between the co-tenant, who was not a party to the first suit, and the original defendant, such judgment can have no effect except in so far as the assertion of title in the former suit by the co-tenant may have interrupted the running of the statute of limitations.

2. PLEADING — JOINT TRESPASSERS.— If one sued with others as a joint trespasser on land, in trespass to try title, fails to restrict his defense to so much of the entire tract as he claims, and disclaims as to the remainder, but on the contrary unites with his co-defendants in denying any right of the plaintiff to the land, he thereby renders himself jointly liable for the wrongful holding of his co-defendants, if the plaintiff recovers. Having done more than was necessary for his defense, he becomes a participant in the wrongful holding of his co-defendants, and all become jointly and severally liable for the continuing trespass of each.
3. PLEADING.— See statement and opinion for pleading held sufficient to charge several as joint trespassers.

APPEAL from Houston. Tried below before the Hon. J. R. Kennard.

Appellants sued R. N. Read and others for damages for trespasses and waste, alleged to have been committed by them upon a league of land granted originally to J. A. Aughinbaugh, claimed by appellants, alleging their damages at $1,400. The defendants answered, demurring generally and specially to the petition. The court sustained the exceptions to the petition, and, plaintiffs declining to amend, dismissed the suit.

The petition alleged that plaintiffs were the owners of the league of land as tenants in common — Walker and wife and Nunn of one half, and Allen of the other, undivided; that in 1878, in a suit brought and then pending in court, wherein Walker and wife were the plaintiffs, suing the defendants in this suit as trespassers for the title and undivided half and possession of the whole league, Walker and wife (under whom Nunn acquired his interest) filed an amended petition, whereby they also claimed as co-tenants of plaintiff Allen, and sought recovery in her behalf as well as for themselves, and that in November, 1878, the plaintiffs in that suit recovered judgment against the defendants herein for the land so claimed and for the possession of the entire league; that the defendants herein were sued as joint trespassers and defended jointly, and judgment was recovered against them jointly for the entire league and for the immediate possession thereof, and writ of restitution ordered, etc.; that the defendants, instead of surrendering the land in accordance with that judgment, confederated together and filed with the clerk of the court their appeal bond with two securities, whereby they perfected their appeal and prevented the issuance of a writ of restitution; and by this means the defendants, who had been previously thereto in the possession of the land, but whose possession was so adjudged wrongful and illegal, were enabled to retain possession, and thereafter withheld the same from plaintiffs until April, 1880, when, the judgment having been in March affirmed, they were ejected under writ

issued thereon; that by means of the premises, the defendants became and continued to be joint trespassers upon the land, and became jointly liable to plaintiffs for rents and profits. The petition proceeded to allege that defendants had, during the time they held possession, converted to their own use the rents and profits thereof, and had cut and destroyed the timber and converted same to their own use. The petition claimed a joint judgment for the damages alleged, because of the judgment establishing tenancy — in common — between them, and entitling them to the possession of the land as such against the defendants, and also because of their ownership of the land independent of the judgment. It also claimed judgment for each of the plaintiffs for his or her proportional share of the whole damages, in case either of them should fail, each alleging title in himself or herself to the portion claimed.

No judgment was sought upon the appeal bond; it was set out as showing a joint holding by defendants. The court by its judgment sustained the two exceptions set forth in the opinion, holding the allegations were not sufficient to show joint liability on the part of defendants.

*Nunn, Williams & Corry*, for appellants, cited O'Shea v. Twohig, 9 Tex., 342; Murray v. Longjoy, 3 Wall., 1; Chirac v. Reinecker, 11 Wheat., 842; Cooley on Torts, pp. 133 and authorities cited, 135, 136; Stone v. Dickinson, 5 Allen, 29; Lewis v. Jones, 34 Cal., 634; Tyler on Eject., p. 841.

*J. R. Burnett*, for appellee, contended that, to sustain an action of trespass against several defendants, the act or acts complained of must be the joint act or acts of all of them, either in fact or in legal effect; and that in this case no co-operation or common interest on the part of the defendants being alleged, the exceptions were properly sustained as to any joint liability of the defendants. Citing Longcope v. Bruce, 44 Tex., 437, 438; 1 Chitty on Pleadings, 16th Am. ed., top page 90, note *m;* Bliss on Code Pleading, sec. 83; Cooley on Torts, p. 136; Bard v. Yohn, 26 Pa. St., 482.

STAYTON, ASSOCIATE JUSTICE.— The court below having sustained demurrers to the plaintiffs' petition, it only becomes necessary to consider its sufficiency.

The demurrers were as follows:

"1st. The petition does not show that defendants jointly held possession of the land described or jointly committed waste or tres-

pass on said land, or held or claimed any community of interest in the same, and the petition shows a misjoinder of parties defendant, there being no sufficient facts showing any joint liability."

"3d. It shows that this suit is an attempt to hold defendants liable as joint trespassers, etc., by reason of their joining in an appeal bond in said suit and exercising their constitutional right of appeal, and without alleging any breaches of said bond, or alleging that defendants jointly possessed or jointly committed joint trespass on the land or held any community of interest therein."

The petition states the recovery of the land by the guardian of Mrs. Walker, under and through whom the plaintiff Nunn claims, and the tenancy in common of Mrs. Allen, the other plaintiff; and although Mrs. Allen was not a party to the former suit, yet the judgment in favor of her co-tenant for all of the land inures to her benefit, in so far as her right to the possession of the land is concerned, unless the defendants in this suit, who were also defendants in the former suit, have some title to the land to assert as against her.

The former judgment, having been rendered in a cause in which Mrs. Allen was not a party, can have no effect as between her and the defendants in that suit, except in so far as the assertion of title in that suit by her co-tenant may have interrupted the running of the statute of limitations.

It, however, operates as a conclusive bar in favor of the plaintiffs in that suit to any claim by the defendants in that suit, of any right in the defendants at the time the judgment was rendered, unless it in some manner, as to some or all of the defendants, has been set aside.

In the former suit Mrs. Allen was not a necessary party; in this she is, and her right to recover may now be contested by the defendants.

This action is brought to recover for the use and occupation of the land and for damages thereto by cutting timber, since the former judgment, and prior to the time the plaintiffs were put in possession of the land under a writ of restitution after the judgment was affirmed.

The petition alleges that the former action was brought to recover title to an undivided one-half of the land and to recover the possession of the entire tract, to which, as co-tenants with Mrs. Allen, the plaintiffs claimed to be entitled; that in that suit the defendants made a joint defense, and against them all a judgment was rendered as asked; from which they all prosecuted an appeal by giving

the proper notice and executing a joint appeal bond; and that the judgment was affirmed.

The petition also alleges the holding of the land by all of the defendants, prior to the former judgment, except the defendant John F. Arlidge, who was made a party defendant for the reason that he had subsequently married one of the defendants; the petition also alleged that the defendants continued to hold the land after that judgment was rendered until after its affirmance they were dispossessed.

We are of the opinion that the petition stated a good cause of action against all the defendants except John F. Arlidge, as joint trespassers.

It is the right of a defendant who, with others, is sued for a tract of land, unless he claims in his own right or in connection with his co-defendants the whole of the land, to put in a defense restricted to so much of the land as he does assert title to, and to disclaim as to the residue; and such an answer would relieve a defendant from liability for rent of or damage to any part of the land which he did not assert claim to, unless it should be made to appear that he had in some way used or damaged land title to which he disclaimed.

Under such an answer, no right would be withheld from a plaintiff by the defendant making it, except such right as might apply only to the land the title and possession of which was put in issue by the answer.

When, however, several defendants sued for an entire tract of land, or for an undivided interest therein, they having no title, put in one common defense which denies *in toto* any right of the plaintiff to the land, they thereby do more than is necessary to be done by them for their proper defense, if, in fact, they only claim and use separate and distinct parts of the tract of land sued for, and become participants in the wrongful holding of others with whom they make common defense, if it ultimately be determined that the land belongs to the plaintiff.

In such case they assist others in holding that to which those only claiming a part have no right, interest or claim.

The law gives to every one the right to make such defense as may be necessary to the protection of his own rights, and, if he does no more, imposes upon him an obligation to respond in damages resulting therefrom, measured by the injury naturally flowing from his own act which is made the foundation of the action. If he goes further and interposes defenses not necessary or proper for protection

of his own right as he conceives it to be, and resorts to obstructive measures in which he can have no possible interest, and which have the necessary effect of enabling other defendants in the same cause to withhold from the real owner property to which the real owner is entitled, then in morals and in law such person ought to be held, in so far, as much a wrong-doer as the person who receives the benefit of his act, and the two should be held jointly and severally liable for the necessary result of their acts. 3 Wall., 1; 5 Allen, 29; 34 Cal., 634; 11 Wheaton, 293.

This could have no application to sureties who, with their principals, executed such bonds as are necessary to enable persons properly to have their rights legally determined by the courts; for the obligations of such persons flow from and are measured by the contracts which they make. Under the Revised Statutes, however, a party who seeks to supersede a judgment for the recovery of land must execute a bond conditioned to pay the value of the rent or hire of the property in any suit which may be brought therefor. R. S., 1405.

It is claimed that the following parts of the petition in this cause base the plaintiffs' right to a joint recovery against the defendants upon the sole fact that they executed a joint appeal bond, viz.: "that by reason of the premises the said defendants became and continued to be joint trespassers upon the said land, and became jointly liable to plaintiffs for rents and profits issuing out of and arising from the said land and for the destruction of timber." "The said defendants did with force and arms, on the 26th day of December, 1878, break and enter upon your petitioner's close aforesaid, and by means of their joint action aforesaid did appropriate the rents and profits for the year 1879, as aforesaid, and did commit waste and injury, and cut and fell the timber growing upon the said land and appropriate the same to their own use, to the damage of plaintiff."

A fair construction of this language makes it apply not simply to the execution of the appeal bond, but to every act of the defendants set out in the petition, which embrace everything which occurred from the time the defendants entered upon the land, including the manner of defense, and the execution of a joint appeal bond.

It is, therefore, unnecessary to consider what liability the execution of a joint appeal bond alone would have imposed upon all of the defendants, if their holding of the land was not such as to impose a joint liability. The petition, taken altogether, we are of the opinion, shows that the defendants are joint trespassers.

If the land had passed into the hands of the plaintiffs in the

former suit, in whose hands accruing rents would have inured to the benefit of Mrs. Allen, if she be their tenant in common, as fully as to themselves, then it would seem that the fact that she was not a party to the former suit would be unimportant in reference to the matter now under consideration.

If she be not the co-tenant of the other plaintiffs, then this action cannot be sustained; whether she is or not will be a matter for inquiry upon the trial.

For the error of the court in sustaining the demurrers to the petition, the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered March 27, 1883.]