## J. B. WATKINS v. E. M. SMITH ET AL.

### No. 645.—Decided March 21, 1898.

**1.   Evidence—Recitals—Deed—Petition—Judgment.**

Recitals in deeds showing that the grantors were heirs of the original patentee of land were not evidence of such heirship as against third parties; nor was a judgment rendered for a defendant by agreement upon a petition alleging the plaintiffs therein to be such heirs. (Pp. 590, 591.)

**2.   Prior Possession—Entry Under Claim of Title.**

The principle that one having prior possession of land can recover against a trespasser on proof of such prior possession merely, extends to cases in which the entry was without actual force and under a claim of right. (P. 592.)

**3.   Same—Constructive Possession.**

The constructive possession of land to the limits of his deed, by one in actual possession, by enclosure of a part thereof (which is equivalent to a possession of the whole under the statute of limitations), is also sufficient to entitle the claimant to recover the entire tract against one entering thereon who fails to show a right to disturb such possession. (P. 592.)

**4.   Same—Fact Case.**

Plaintiff had prior possession of a patented survey by enclosure of part with deed to the whole; defendants without force entered upon the part not enclosed, under deeds thereto; neither showed title connecting with the patentee. Held, that plaintiff could recover upon proof of his former possession. (Pp. 591, 592.)

**5.   Possession—Abandonment.**

One in possession, by enclosure, of land a part of which he knew to be claimed adversely, moved his fence so as to no longer enclose the land in controversy, doing this as a matter of convenience and without any intention of abandoning his claim. Such act did not constitute an abandonment, nor prevent his actual possession of the part still enclosed extending by construction to the limits embraced in his deed. (Pp. 592, 593.)

ERROR to the Court of Civil Appeals for the Fifth District, in an appeal from Hopkins County.

Watkins brought suit against E. M. and W. E. Smith. The defendants had judgment which was affirmed on his appeal, and he then obtained writ of error.

*Frank E. Scott,* for plaintiff in error.—A judgment of a court of competent jurisdiction, divesting title to land out of the plaintiffs in said suit, and vesting the same in the defendant is sufficient to constitute a muniment in a chain of title, and is not subject to collateral attack.   McCamant v. Roberts, 66 Texas, 260; Wallis v. Beauchamp, 15 Texas, 303; Benson v. Cahill, 37 S. W. Rep., 1088; Bassett v. Sherrod, 35 S. W. Rep., 312; Ledbetter v. Higbee, 35 S. W. Rep., 801.

Prior possession under a claim of title duly registered, will defeat the present possession of a mere trespasser without title and who does not in any way connect himself with an outstanding title.   House v. Reavis, 35 S. W. Rep., 1063; Duren v. Strong, 53 Texas, 379; Caplen v. Drew, 54 Texas, 493; Parker v. Railway, 71 Texas, 132.

*J. H. Dinsmore,* for defendants in error.—Recital of heirship of parties to a suit contained in the pleadings and in a judgment by agreement, is not sufficient proof of heirship to deraign title through such parties as heirs, in another suit against persons not parties or privies to the first suit.

In actions of trespass to try title plaintiff must recover upon the strength of his own title and not on the insufficiency of the defendant's title. Hughes v. Lane, 6 Texas, 289; Shields v. Hunt, 45 Texas, 428.

In action of trespass to try title plaintiff cannot recover on proof of prior possession only, except against naked trespassers, or against defendants claiming under a common source, or against persons who are in possession by force or fraud. Hughes v. Lane, 6 Texas, 289; Keys v. Mason, 44 Texas, 140; Caplen v. Drew, 54 Texas, 493; Duren v. Strong, 53 Texas, 379; House v. Reavis, 35 S. W. Rep., 1063.

GAINES, CHIEF JUSTICE.—This was an action of trespass to try title, brought by the plaintiff in error against the defendants in error. It was tried without a jury, and judgment was rendered for the defendants. An appeal having been taken from the judgment and it having been affirmed by the Court of Civil Appeals, the plaintiff has brought the case to this court.

The petition is in the statutory form of an action of trespass to try title, to which there was a plea of not guilty and a claim for improvements in good faith. The plaintiff also filed a pleading entitled a supplemental petition, in which he specially claimed title by the statute of limitations of ten years.

The trial judge filed his conclusions of law and fact, which with one exception were adopted by the Court of Civil Appeals. In our view of the matter, the finding which was not approved upon the appeal does not affect the disposition of the case, and hence the point of difference need not be stated.

As found by the court, the land in controversy is a part of the Haynes Crabtree survey, except a strip on its south side, about 40 varas wide, which lies upon the Lofton Vess survey. The plaintiff claimed title under one S. G. Tomlinson, and exhibited a chain of title from Tomlinson to himself. In order to show title in Tomlinson, he introduced in evidence sundry deeds from parties claiming to be heirs of the original grantee of the certificate, but failed to make proof that they were such heirs. He also introduced in evidence a judgment in a suit brought for the land in controversy by certain parties who also sued as heirs of Crabtree, in which the premises sued for were adjudged to Tomlinson. But there was no proof of the heirship of those parties. That judgment was entered by agreement; and in our opinion the allegations in the plaintiff's petition in that case could no more affect the question of heirship as to third parties than the recitals in the deeds in this case offered in evidence by plaintiffs. Recitals in a deed are evidence against the parties to such deed and their privies, but not against

strangers. Whether the facts, that a deed has been made by a grantor, in which he purports to convey as heir of another; that the grantee has taken possession of the land, used and cultivated it for many years, and that during this time his right has remained unchallenged by any adverse claimant, would have sufficient probative force to authorize a finding that the grantor was the heir as recited in the conveyance, is a question not raised in this case, and one which if raised need not be determined. The trial court has in effect found that the heirship was not proved, and that finding having been approved by the Court of Civil Appeals is conclusive upon us.

The findings of the trial judge do not show whether or not the plaintiff had possession of the land claimed by him at the time the defendants took possession of that part of it now in controversy, but the Court of Civil Appeals held that he and those under whom he claimed had had possession of a part thereof for a period of about eight years. From the testimony in the record the fact seems to be undisputed, that there was a farm upon the portion of the Crabtree survey claimed by the plaintiff and that it had been continuously for seven or eight years before the trial of the case in May, 1897. The suit was brought in September, 1896. As pertinent to the questions to be subsequently discussed, we insert the following from the conclusions of fact of the trial court:

"7. Some one of those under whom plaintiff held had fenced nearly all of the land claimed by them, including about one-third of the land in controversy off the north end of same. Some years ago the then claimant of the land moved his fence back so that it no longer enclosed any of the land in controversy. He did this simply as a matter of convenience, without any intention of abandoning his claim to the land, but knowing that there was an adverse claim to it. The time when this fencing and re-fencing was done is not shown.

"8. In 1874, one V. J. Hall who claimed to own land in the northern part of the Vess survey deeded same to J. R. Hicklin, which deed was not recorded until 1894. The deed calls for land in the Vess survey, but the field notes given would include the land in controversy. The heirs of C. E. Young also claimed the same land, and by their attorney in fact made a deed to defendant Smith in 1894, which was recorded same year. About the same time Smith acquired the Hicklin title, and fenced and went into actual possession of the land in controversy, and since held and now holds same. When Smith bought he knew there was a dispute as to where the true boundary line between the surveys was, but he believed the boundary was where it was claimed by the owners of the Vess land to be."

We are thus brought to the question whether under the established facts of this case the plaintiff was entitled to recover by reason of his possession of the premises at the time of defendant's entry. In Keys v. Mason (44 Texas, 140) Chief Justice Moore says: "It is true the possession of the defendant entitles him to a judgment against the

plaintiff, unless the latter shows a prima facie title.  He does this when he deraigns title from the sovereignty of the soil down to himself, or if he shows title out of the Government and subsequent possession for sufficient length of time to toll the right of entry, or merely a prior possession to that under which the defendant claims with a regular chain of title connecting himself with such possession," etc.  The remark as to prior possession was made merely by way of argument and is a dictum, but it is in our opinion a correct statement of the rule. The rule there announced has been frequently applied in this court. House v. Reavis, 89 Texas, 626; Duren v. Strong, 53 Texas, 379; Caplen v. Drew, 54 Texas, 493; Parker v. Railway, 71 Texas, 133; Pacific Express Co. v. Dunn, 81 Texas, 85; Linard v. Crossland, 10 Texas, 462.  But it is ingeniously argued, that the rule is not applicable to a case where the defendant enters without actual force under a claim of right, for the reason that one who takes possession under claim and color of title cannot be deemed a naked trespasser.  It is true that the proposition is most usually announced under the form that prior possession is prima facie evidence of title against a naked trespasser or a mere intruder.  But we have been cited to no case, nor have we found any, in which it has been decided, that possession is not evidence of title against any wrongdoer.  It is not a rule of property.  It is a mere rule of evidence, and is founded upon the principle that since ownership is a usual concomitant of possession, it is a reasonable prima facie inference that the possessor of property is the owner of such property. The inference is no less cogent when the trespasser claims title without showing that he has the title, than when he intrudes without any claim whatever.  Upon this immediate point, we regard the case of Duren v. Strong, above cited, as being directly in point.  In that case the defendants claimed under a chain of conveyances which they introduced in evidence, but failed to show a conveyance to the first grantor from the patentee of the land.  The court in the opinion declined to discuss any other question save that of the prior possession of the plaintiff, and said:  "The plaintiff having clearly established a prior peaceable possession never abandoned, and the defendants having failed to show any right to disturb that possession, the judgment in favor of plaintiff should stand."  See to the same effect, Elofrson v. Lindsay (Wis.), 63 N. W. Rep., 89; Jacks v. Dyer, 31 Ark., 334.

The plaintiff in this case was in possession of a part of a tract of land which included the land in controversy, claiming the whole under a deed.  He had constructive possession of the part not actually enclosed; and we are of opinion, that such possession was prima facie evidence of title in him to the entire tract described in his deed.  When occupancy of a part is equivalent to a possession of the whole under the statute of limitations, we see no good reason why it should not be prima facie evidence of title to the whole for the purposes of a case like this.

The court having found that the plaintiff removed his fence from the land in controversy merely as a matter of convenience, that removal

does not show an abandonment of his claim and does not affect the question under consideration.

We are of the opinion that the trial court erred in not giving the plaintiff judgment for so much of the land claimed by him in this suit as lies within the Crabtree survey, and that the Court of Civil Appeals erred in affirming the judgment rendered. Both judgments are accordingly reversed and the cause remanded.

*Reversed and remanded.*