### SCHRIVER v. TAYLOR et al.†

(Court of Civil Appeals of Texas. San Antonio. Dec. 20, 1911. Rehearing Denied Jan. 31, 1912.)

1. ESTOPPEL (§ 9*)—CONCLUSIVENESS OF ALLEGATIONS OR RECITALS—PERSONS BOUND.

Allegations or recitals in pleadings in a suit to which parties in the case at bar were not parties cannot bind them.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. § 15; Dec. Dig. § 9.*]

2. ESTOPPEL (§ 26*)—RECITALS—FACT.

The recitals in deeds do not affect the rights of parties who had no connection therewith.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. §§ 61, 62; Dec. Dig. § 26.*]

3. TENANCY IN COMMON (§ 19*)—JUDGMENT IN FAVOR OF ONE COTENANT.

Where vendors holding vendors' lien notes were tenants in common, a judgment in favor of one of them for all the land claimed by them, without proof that the notes had been transferred to the party obtaining the judgment, inured to the benefit of all of the vendors, and such would be the case, though a new title was acquired by foreclosure.

[Ed. Note.—For other cases, see Tenancy in Common, Cent. Dig. §§ 55–59; Dec. Dig. § 19.*]

4. PARTITION (§ 16*)—RIGHT OF ACTION.

Where vendors expressly reserve a legal title in the land and a vendors' lien thereon, partition between the vendors could not be defeated by setting up title in one of the vendors, the purchasers' equitable title acquired by foreclosure of the lien, without showing that he owned the equitable title, and had discharged the purchase-money notes.

[Ed. Note.—For other cases, see Partition, Cent. Dig. § 52; Dec. Dig. § 16.*]

5. TENANCY IN COMMON (§ 15*)—ACTION—LIMITATION.

In a suit for partition, where there was no allegation of possession of the land, nor that, if there had been possession, it was adverse to plaintiffs, who were cotenants with defendants, the defense of limitation could not be made.

[Ed. Note.—For other cases, see Tenancy in Common, Cent. Dig. §§ 42–52; Dec. Dig. § 15.*]

6. ESTOPPEL (§ 26*)—BY DEED—PERSONS ESTOPPED.

In a suit by cotenants against another cotenant, who had foreclosed a vendor's lien on the land, recitals in a deed from the purchaser to such cotenant, with which the other cotenants had no connection, does not constitute an estoppel as against the other cotenants.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. §§ 61, 62; Dec. Dig. § 26.*]

Appeal from District Court, Karnes County; John M. Green, Judge.

Partition by Mrs. E. B. Taylor and others against Mrs. Emily H. Schriver, guardian, and husband. Judgment for plaintiffs, and defendant Mrs. Emily H. Schriver, as guardian, appeals. Affirmed.

W. A. Morrison and W. T. Hefley, for appellant. Joseph Spence, Jr., and A. J. Bell, for appellees.

FLY, J. This is a suit, instituted by Mrs. E. B. Taylor and Mrs. Lola Robertson, joined by her husband, Marion Robertson, against Mrs. Emily H. Schriver, her husband, John Schriver, and her two minor children by a former marriage, Pauline Taylor and Moses Taylor, Jr., to partition a tract of land in Karnes county, being 345 acres out of the David Taylor headright league and labor. Under instructions of the court, the jury returned a verdict in favor of appellees, and found that Mrs. E. B. Taylor was entitled to one-half of the land, Mrs. Robertson to one-fourth, and the minors, Pauline and Moses Taylor, to one-fourth, subject to a one-third life interest in favor of Mrs. Schriver, and on that verdict the partition was adjudged and three commissioners appointed to make the partition.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes.
† Writ of error denied by Supreme Court.

In 1873 H. M. Taylor died, leaving a will, in which he bequeathed to his wife, Mrs. E. B. Taylor, one-half of his estate, including the land in controversy, to his daughter, Lola Robertson, one-fourth, and to his son, Moses Taylor, one-fourth, of his property. Moses Taylor died in January, 1903, intestate, and left surviving him his wife, Emily Taylor, now Schriver, and his two children, Moses and Pauline. Mrs. Schriver was appointed administratrix of his estate and guardian of the estate of the two children. On May 8, 1890, E. B. Taylor, for herself and as guardian of her son, Moses, then a minor, and Lola Robertson and her husband executed a deed to Thomas Caffall to the land in controversy for the recited consideration of $1,000, evidenced by his two notes for $500, one due on May 1, 1894, and the other on May 1, 1895, each payable to E. B. Taylor; the vendor's lien being reserved in the deed to secure payment of the notes. On September 18, 1901, Caffall executed a deed of trust on the land to secure, as recited therein, three promissory notes, two for $616.65 each, and one for $1,048.33. On December 3, 1902, a deed to the land was executed by the trustee to Moses Taylor, according to the recitals therein, and deed being executed according to the provisions of the deed of trust. On August 1, 1903, Emily H. Taylor, now Schriver, sued Thomas Caffall, Eph. Caffall, Zack Davis, and G. W. Davis to recover the 345 acres of land in controversy, and in the alternative to foreclose the vendor's lien on the land that was reserved to secure payment of the two $500 notes which were executed in 1890 by Thomas Caffall to E. B. Taylor. In her pleadings in that suit, Emily H. Taylor alleged that three notes had been executed to Mrs. E. B. Taylor in April, 1896, by Caffall, in lieu of the original notes, and that, before maturity, they became the property of Moses Taylor, and that the notes were afterward renewed by Caffall executing three notes to Moses Taylor. The vendor's lien was foreclosed on the property, and the property sold and bought in by Emily H. Schriver, administratrix, and a deed executed to her by the sheriff. We have, in substance, recited the whole of the evidence.

[1, 2] The evidence showed that the legal title to the land had never been conveyed by Mrs. E. B. Taylor and Mrs. Robertson and the minor children of Moses Taylor. When the land was sold to Caffall and a vendor's lien retained, the legal title remained in the vendors, and there was no evidence of the transfer of that title to any one; nor was there any testimony whatever of any transfer by Mrs. E. B. Taylor of the notes given by Caffall to her in 1890. The allegations in pleadings, in a suit to which appellees were not parties, could not bind them; nor are they affected by any recitals in deeds with which they had no connection.

[3] The evidence showed that the parties were tenants in common, and a judgment in favor of one of them for all the land claimed by them inured to the benefit of all of them. There being no proof of the notes given by Caffall to E. B. Taylor having been transferred to Moses Taylor, any title obtained by him through foreclosure of the deed of trust inured to the benefit of his mother and sister, as well as himself. Walker v. Read, 59 Tex. 187; Foster v. Johnson, 89 Tex. 640, 36 S. W. 67. That would be the case, even though a new title were acquired by the foreclosure.

It is contended that the recitals in the deeds offered by appellant, and the allegations in the pleadings of Emily H. Taylor v. Caffall et al., are binding on appellees, because not objected to in the lower court; but, if it be a rule that recitals in deeds and pleadings to which parties are not privies are not binding on them, they are not binding, whether introduced in evidence or not. The recitals, so far as they are antagonistic to appellees, were, and are, no evidence at all.

Appellant could not defeat appellees' right to partition, on the ground of the outstanding equity of Caffall, without proving that Moses Taylor had bought the promissory notes, and through them had bought Caffall's equitable title. This she did not attempt to do, except through the recitals in the deed of trust and the allegations in a petition, with neither of which appellees were shown to have any connection. Portis v. Hill, 14 Tex. 69, 65 Am. Dec. 99; Burleson v. Burleson, 28 Tex. 383; Gullett v. O'Connor, 54 Tex. 408; De La Vega v. League, 64 Tex. 205.

[4] A vendor's lien having been expressly reserved in the deed given by Mrs. E. B. Taylor, Mrs. Robertson, and Moses Taylor to Thomas Caffall, the legal title remained in the vendors; and partition could not be defeated between the vendors by setting up the equitable title of Caffall, without showing that one of them owned the equitable title of Caffall, and had discharged the purchase-money notes. In the absence of such proof, the partition was properly decreed.

[5, 6] The court did not err in sustaining the exception to that portion of the answer setting up limitations. There was no allegation of possession of the land, nor that, if there had been possession, it was adverse to appellees, the cotenants with Moses Taylor. Neither did the allegations show estoppel as against the appellees. The court did not err in sustaining the special exceptions to those parts of the answer setting up limitations and estoppel. No effort was made to show that appellant or Moses Taylor had ever been in possession of the land.

In this case there is but one real contention, and that is that one of the vendors of land, held by him in common with the other vendors, can recover from them on recitations made in deeds from the vendee

to him, the other vendors having no connection with such proceeding; and that they are estopped from setting up their superior title to the land, because the vendee has said, in a deed of trust made by him to one of the vendors, that he owns the vendor's lien notes given for the property. The proposition is not sustained by any authority, and the mere statement of it refutes and discountenances it.

The judgment is affirmed.