### ROBERTS et al. v. WADDELL et al.

### No. 10218.

Court of Civil Appeals of Texas. Galveston.

April 24, 1936.

E. H. Davis, of Hempstead, and E. H. Suhr and Farish & Durno, all of Houston, for appellants.

W. C. Barnett, Jr., of Houston, for appellees.

GRAVES, Justice.

This cause involves the title to the west 45 acres out of the south 132 acres of the Daniel Warren survey of land in Waller county; the appellees having recovered it against the appellants in a trial before the court below sitting without a jury.

In this court appellants make two contentions for a reversal:

(1) That the judgment adverse to them was not supported by the pleadings of their opponents, in that the latter, while having specially pleaded their title to the land from the sovereignty of the soil into H. Waddell, did not further plead his will devising it to themselves, hence such will, although thereafter offered in evidence without objection and showing that it did devise the land to the appellees, was insufficient either to cure the stated defect in their pleadings or to support a judgment in their favor.

(2) The appellees having alleged as a necessary link in their chain of title a deed conveying the land in controversy from Lee Roberts to V. T. Attaway, and having failed to prove that additional special averment of their title, in that the overwhelming preponderance of the evidence showed that no such deed had ever been executed, the mutilated instrument of date June 20 of 1902 not having been admissible as such a conveyance, the proof necessary to support the judgment wholly failed.

The first of these positions is overruled; the appellees as plaintiffs in material substance alleged: "Plaintiffs further respectfully allege that on said date, to-wit, June 1st, 1933, they were in peaceful possession of the afore described 45 acre tract of land, owning and claiming the same and entitled to own and claim and have possession of the same under and by virtue of fee simple title thereto from and under the sovereign-ty of the soil, with deeds and muniments of title thereto duly executed and recorded, as follows."

This is followed by a complete list of deeds, instruments, and muniments of title, purporting to so show title down into H. Waddell; then there was added these further averments: "Plaintiffs further respectfully allege that they are the owners and legal holders of the title vested in H. Waddell by instruments and muniments of title herein set out. * * *"

H. Waddell was shown to be the common source of title between the litigants, and, as recited in the propositions quoted supra, the will of H. Waddell showed that this property vested in the appellees. In these circumstances the rules declared in the authorities cited by the appellants with reference to a specially pleaded title are thought to have been fully satisfied.

The second position, however, is sustained; it, of course, was necessary for the appellees to show at least prima facie that the title so claimed by them did go down into H. Waddell as the common source, and this they attempted to do by showing an indispensable deed from Lee Roberts and wife to V. T. Attaway purporting to have been executed on the 20th day of June of 1902, as recited in this quoted proposition; an examination of such instrument shows that it contained no description whatever of this or any other land, nor any words of conveyance for any land; not only so, but the uncontroverted testimony of both Lee Roberts and V. T. Attaway was to the effect that no such deed had ever passed between them, never having been executed by the one nor received by the other; furthermore, as the photostatic copy of the instrument itself shows, it not only appeared to be mutilated upon its face, but bore other indicia tending to cast suspicion upon it, hence was not admissible as an ancient instrument. 17 Texas Jurisprudence, 705, 302; Ehrenberg v. Baker's Executors (Tex. Civ.App.) 54 S.W. 435; Stroud v. Springfield, 28 Tex. 649, 664.

It is true that an attempt was made to show the existence of such a deed from Lee Roberts and wife to V. T. Attaway by the recitals in certain deeds from Roberts to other persons to other lands, each, however, reciting as a call therein that the 45 acres here in controversy belonged to V. T. Attaway; those deeds, on the face thereof, all show that they were res inter alios acta with reference to other lands not in-

volved here; no other of these parties than Lee Roberts alone having had any connection with them. This statement of Chief Justice Gaines in Watkins v. Smith, 91 Tex. 589, 590, 45 S.W. 560, 561: "Recitals in a deed are evidence against the parties to such deed and their privies, but not against strangers," forecloses their applicability here.

In these circumstances it is plain that the judgment lacked necessary evidence to support it.

These conclusions require the reversal of the judgment and a rendition of the cause in appellants' favor; it will be so ordered.

Reversed and rendered.