## WILDER v. AMERICAN PRODUCE CO. et al.

### No. 10065.

Court of Civil Appeals of Texas. San Antonio.

May 26, 1937.

Rehearing Denied July 7, 1937.

C. C. Carsner, of Victoria, for appellant.

E. L. Dunlap and John S. Hadley, both of Victoria, for appellees.

SMITH, Chief Justice.

This action in trespass to try title involves the title to a small parcel of land embraced in a strip seventy varas wide along the north side of the Guadalupe river, in the city of Victoria. The strip was within the four-league grant constituting the original town of Victoria, and was first sought to be segregated by an order made by the board of aldermen constituting the town council of said town on March 12, 1850, as follows: "It is ordered by the Board that the Town Surveyor be instructed to reserve on the West bank of the Guadalupe River 70 vrs. in width commencing on the lower line of the Town proper on the West side of the River and thence meanders until it reaches a point whence it will intersect the old road running between survey made for and owned by R. Willoughby and Carothers."

On April 17, 1928, the city of Victoria, through its proper officers, executed an instrument by which, while in effect disclaiming any title to or interest in said property, the city quitclaimed to H. S. Wilder whatever title or interest, if any, it did have therein which it had not "lost by limitation."

At that time the property was, and still is, occupied by the cold storage plant of the American Produce Company, which asserts title alleged to have accrued to its predecessors by limitation of three, five, and ten years (Rev.St.1925, arts. 5507, 5509, 5510), completed prior to July 4, 1887, at which date it was provided by statute that limitation shall not run against public lands owned by municipalities in this state. Article 5517, R.S.1925.

Wilder brought this action against American Produce Company, to recover title to the small parcel occupied by the latter. The Produce Company impleaded its grantor, upon the latter's warranty. Both defendants pleaded the three, five, and ten years' statutes of limitations. A jury trial resulted in judgment denying recovery to Wilder, and in favor of the Produce Company for the property. Wilder has appealed.

Appellee's right of recovery rests upon the findings upon the issues of limitations, which findings rest upon inconclusive evidence. A part of that evidence consisted of recitations in two deeds, twenty-six years old, from and to appellee's predecessors in title, to the effect that the land had been fenced since 1867. Those deeds, including said recitation, were offered in evidence by appellee upon the issue of limitation, and appellant objected to the admission of said recitations, upon the ground, among others, that the same were self-serving declarations in favor of the title of the parties thereto, including grantor and appellee's warrantor, who was impleaded in the suit. The deeds should have been excluded upon the objection made. Under the authorities, recitals such as those admitted here, are admissible as against the parties thereto, but are not admissible as against strangers, such as appellant in this case. Watkins v. Smith, 91

Tex. 589, 45 S.W. 560; Teagarden v. Patten, 48 Tex.Civ.App. 571, 107 S.W. 909; Whitman v. Aldrich (Tex.Civ.App.) 157 S.W. 464; Roberts v. Waddell (Tex.Civ. App.) 94 S.W.(2d) 211. Obviously, this testimony, admitted with the affirmative sanction of the trial judge, must have had great weight with the jury in determining the issue of limitation, upon which issue the testimony was, as stated, at least inconclusive. The error of its admission is therefore deemed reversible.

As a matter of fact, the whole record is unsatisfactory, both as to the pleadings and the evidence, and the respective theories and contentions of the parties are not readily ascertainable from the record or presentation.

The judgment is reversed and the cause remanded.