**WILLIAMS et al. v. SOUTH TEXAS DEVELOPMENT CO. et al.**

No. 3602.

Court of Civil Appeals of Texas. Beaumont.
Feb. 21, 1940.

Rehearing Denied March 27, 1940.

Dick Young, Stevens & Stevens, and Eugene Bruce, all of Houston, for appellants.

Pitts & Liles, of Conroe, and R. E. Seagler, Vinson, Elkins, Weems & Francis, John C. Townes, Sewell, Taylor, Morris & Connally, R. C. Sewell, Fouts, Amerman & Moore, A. E. Amerman, and Charles A. Perlits, Jr., all of Houston, for appellees.

O'QUINN, Justice.

Myrta Williams Williams, joined by her husband, J. V. Williams; Iduma Williams Heffernan, joined by her husband, J. E. Heffernan; Beatrice Williams Carlile, joined by her husband, R. G. Carlile; J. H. Carlile and his wife, Carrie Carlile; I. A. Leach; Lawrence Lipper; and William F. Grimes, brought this suit against the South Texas Development Company, a corporation, chartered under the laws of the State of New York with a permit to do business in Texas, and having its principal office in Houston, Texas, with Charles S. Atchison, its manager, residing in the City of Houston; the Strake Oil Corporation, a Texas corporation, with George W. Strake, its president, residing in the City of Houston; the Humble Oil & Refining Company, a Texas corporation, with R. L. Blaffer, its president, residing in the City of Houston, and R. C. Sewell, George W. Strake, T. M. Nowlin, Charles S. Atchison, Fred Williams, W. C. Gray and E. B. Sisk, all residents of Harris County, Texas; and C. B. Stewart, County Clerk of Montgomery County, Texas, and Hester Montgomery, Deputy County Clerk of Montgomery County, Texas, each residing at Conroe in Montgomery County, to recover from the defendants South Texas Development Company, Strake Oil Corporation, George Strake and the Humble Oil & Refining Company damages in the sum of $6,000,000 as damages for the unlawful taking

and wilful removal and conversion of oil from a tract of 160 acres of land known as the Charles L. Rogers tract out of the Theo. Slade Survey situated in Montgomery County, Texas, said sum being the manufactured value of the oil taken from said land; and in the alternative, if they (plaintiffs) were not entitled to recover for the manufactured value of the oil, then that they recover against said defendants the sum of $1,000,000 as the actual market value of the oil so taken by defendants. They further and specially prayed for judgment in the sum of $6,133,333.33 against all the defendants, jointly and severally, as damages, for the wrongful, unlawful, and fraudulent destruction and suppression of "Plaintiffs' evidence of title, as set forth in paragraphs XIV and XV" of their petition.

Plaintiffs alleged that Charles L. Rogers, who was the owner in fee simple of the land, conveyed same to W. F. Williams by warranty deed on October 1, 1904, and which deed was duly recorded in Vol. 34, at page 640 of the Deed Records of Montgomery County, Texas; that the page on which said deed was recorded had been surreptitiously and fraudulently removed from said volume of the deed records of said county, and that said Charles L. Rogers on November 9, 1933, duly executed to W. F. Williams, his heirs and assigns, a deed in confirmation of the deed theretofore executed to said Williams, which confirmation deed was duly placed of record. They alleged that Myrta Williams Williams, Iduma Williams Heffernan and Beatrice Williams Carlile were the sole surviving heirs of W. F. Williams, deceased, and his wife, Viola Fort Williams, also deceased; that plaintiff I. A. Leach was the surviving husband of Bessie Lee Williams, who died intestate and without issue; and that the other plaintiffs were persons who owned an interest in the land in controversy from the heirs of W. F. Williams and his wife, Viola Fort Williams, both deceased.

The defendants Hester Montgomery, C. B. Stewart, E. B. Sisk, T. M. Nowlin, W. C. Gray and R. C. Sewell by counsel answered by general demurrer, and general denial. The other defendants, corporations and their named officers, answered fully.

At the conclusion of the evidence, it appearing to the court that all of the plaintiffs, except J. H. Carlile and his wife, Carrie Carlile, who claimed as grantees of A. B. Carlile, had wholly abandoned their asserted cause of action and refused to further prosecute same, same was dismissed, and the cause as to J. H. Carlile and his wife, Carrie Carlile, as plaintiffs was submitted to a jury upon special issues and upon their verdict judgment was rendered that said plaintiffs, J. H. Carlile and Carrie Carlile, take nothing and that all of the defendants go hence without day. Motion for a new trial was overruled, and hence this appeal.

The title to the land, 160 acres out of the Theo. Slade Survey in Montgomery County, Texas, passed by regular conveyances from the sovereignty of the soil to J. R. Bondurant. On February 1, 1904, he was the owner of the land, and on that date, February 1, 1904, by warranty deed conveyed the land to Charles L. Rogers and A. J. Thurston, Rogers paying four-fifths, and Thurston paying one-fifth of the purchase money. For convenience the deed was taken in the name of Rogers. This deed was duly recorded. April 7, 1904, Rogers executed a declaration of trust evidencing Thurston's one-fifth interest, and this declaration was duly recorded in the deed records of Montgomery County. Thereafter in a suit for partition styled Charles L. Rogers v. Cash et al., A. J. Thurston was awarded a tract of land out of the Theo. Slade Survey, including the 160 acres here in question. January 20, 1910, Thurston conveyed the land, with other tracts, to the South Texas Development Company. This deed was duly recorded.

The South Texas Development Company, since receiving its deed from Thurston, has continously owned the fee simple title to the land. On October 21, 1929, the South Texas Development Company gave an oil, gas and mineral lease covering the land to George W. Strake, which was by mesne conveyances assigned to the Humble Oil & Refining Company.

Appellants base their claim on a regular warranty deed which they assert was executed by Charles L. Rogers to W. F. Williams on October 1, 1904, and which deed they allege was recorded in volume 34, at page 640 of the Deed Records of Montgomery County, Texas, but which record of said deed was on or about August 1, 1932, by some person cut out, and removed from said record and de-

stroyed. They further alleged that on November 9, 1933, Charles L. Rogers, for the purpose of and in full ratification of the deed by him executed to W. F. Williams on October 1, 1904, in which he conveyed to Williams the land here involved, executed to W. F. Williams a deed conveying said land. This deed was recorded.

Defendants challenged the deed of October 1, 1904, denied its existence and by affidavit duly filed denounced it as a forgery. They also alleged that the deed of November 9, 1933, purporting to ratify and and confirm the alleged deed of October 1, 1904, was obtained from Charles L. Rogers by misrepresentations and fraud.

The court submitted to the jury special issue No. 1, which read: "Do you find from a preponderance of the evidence that Charles L. Rogers executed and delivered a deed dated October 1, 1904, to W. F. Williams conveying 160 acres described in Plaintiffs' petition"? Answer "Yes", or "No". The jury answered "No." On this answer judgment was rendered for defendants.

When appellants offered in evidence the deed from Charles L. Rogers to W. F. Williams of date November 9, 1933, confirming and ratifying the alleged deed of date October 1, 1904, from said Rogers to said Williams, conveying the land in controversy, appellees objected to the admission of that part of the instrument reciting the reasons stated in the deed for the execution of said deed as improper and prejudicial and incompetent, being a recital of facts that the maker of the deed could not possibly know, and not binding upon appellees, they being strangers to the instrument. These objections were sustained. This ruling is assigned as error.

The instrument denominated a deed of confirmation was regular in all respects, except the recitations as to why it was executed. These recitals are: "This is a deed of confirmation and is in conformation and ratification of that certain deed executed by me on the 1st day of October, A. D. 1904, and recorded October 20th. A. D. 1904, in Volume 34, P. 640, of the Deed Records of Montgomery County, Texas, conveying the above described property to the said W. F. Williams, of Montgomery County, Texas, and being necessary for the reason that the original deed has been par-

tially destroyed and the page or pages of the Records of said Montgomery County, Texas, upon which the said deed was transcribed have been wholly taken from the said Record and lost, misplaced or destroyed".

The question of the execution of the deed by Charles L. Rogers to W. F. Williams in 1904, conveying the land, was one of fact. It is contended by appellants that the recitals in the confirmation deed should have been admitted as a circumstance tending to prove that he did execute the 1904 deed. There is no bill of exceptions in the record to the action of the court in sustaining the objections to the admission of the recitals in the deed of the reasons for its execution. Appellants say that a bill of exception was not necessary because the exception otherwise appears of record and refer to Article 2237, R.S.1925, Vernon's Ann.Civ.St. art. 2237. We have made careful search of the statement of facts and have failed to find where appellants excepted to the ruling of the court in excluding the evidence offered. In other words, from an examination of the whole record, transcript and statement of facts, we nowhere find such exception. Under this state of the record the assignment can not be considered. First Nat. Bank v. Crocker, Tex.Civ.App., 80 S.W.2d 442. It appears from the record that the counsel for appellants who tried the case, when the admissibility of the evidence was under discussion before the court, commented: "Your Honor, I concede that the majority of the cases and the law counsel has read is the law. The deed contains recitals I am quite sure Mr. Rogers couldn't have possibly known, but which was carried to him by some one. I am sure, if he executed a deed in 1904, he couldn't have known what volume and page it would have been in, or would have ever taken any personal interest in the land himself. Those declarations there, of course, are nothing." Being of that opinion, that may explain the absence from the record of any exception to the court's ruling. The attorney who briefed the case for appellants was not the attorney that tried the case below.

However, if there had been exception to the court's exclusion of the recitals in the deed, we would still hold that the objection to the admission of the

recitals was properly sustained. The recitals were as to a transaction between Rogers and Williams, and appellees not being parties to the transaction nor privies thereto, but strangers to the transaction, the recitals could not be binding upon them. Watkins v. Smith, 91 Tex. 589, 45 S.W. 560; Teagarden v. Patten, 48·Tex.Civ.App. 571, 107 S.W. 909, writ denied; Schriver v. Taylor, Tex.Civ.App., 143 S.W. 231, writ denied; Roberts v. Waddell, Tex.Civ.App., 94 S.W.2d 211; Wilder v. American Produce Co., Tex.Civ. App., 106 S.W.2d 1073; Simonds v. Stanolind Oil & Gas Co., Tex.Sup., 114 S.W.2d 226. Moreover, the recitals being made by a person out of court, not under oath, nor subject to cross-examination, and offered to prove the truth of the facts recited, was clearly hearsay, and so not competent and inadmissible. McCormick's Texas Law of Evidence, p. 774, Section 614. The confirmation deed containing the recitals was dated November 9, 1933, and so was not an ancient instrument. Neither were the recitals the contents of the 1904 deed, which it purported to confirm, but were merely recitals as reasons for the execution of the deed itself.

■ The verdict of the jury in answer to special issue No. 1, that Charles L. Rogers did not execute a deed to W. F. Williams on October 1, 1904, conveying to him the 160 acres of land in controversy, has ample support in the record. Appellant alleged the execution of such deed and that it was recorded in Vol. 34 on page 640 of the Deed Records of Montgomery County, Texas, and that some person, for the purpose of destroying that record and defeating their title to the land, had cut out, removed and destroyed said page 640 of such record, and that the deed from Rogers to Williams was executed in confirmation of the deed, the record of which had been destroyed. Appellees denied that any such deed ever existed and denounced it as a forgery. A. B. Carlile, son of appellants, and who conveyed to them his asserted interest in the property in controversy, witness for appellants, testified that T. M. Nowlin, W. F. Grimes, Lawrence Lipper, A. M. Waugh and himself manufactured a deed such as was alleged to have been executed by Charles L. Rogers to W. F. Williams on October 1, 1904, and recorded in Vol. 34, page 640 of the Deed Records of Montgomery County, with Rogers' signature and an acknowledgment before an officer, and the signature of C. B. Stewart, Clerk of the County Court of Montgomery County, with certificate of the clerk as to its recordation, and that he and some of the others went to Galveston and had a copy of the Montgomery County seal and rubber certificate stamp made and said seal and stamp were used and placed on the forged 1904 deed to show the execution of said deed and that same was recorded in Vol. 34 on page 640. That a photostatic copy of the deed they forged was made to be used in inducing Charles L. Rogers to execute the confirmation deed. Charles L. Rogers by deposition testified that in the month of October, 1933, T. M. Nowlin of Houston, Texas, came to Mendota, Illinois, to see him about a tract of 160 acres of land out of the Slade survey in Montgomery County, Texas, that he, Rogers was supposed to have sold to one W. F. Williams; that he told Nowlin that he did not remember ever having sold any land to Williams, but that Nowlin presented to him what purported to be photostatic copies of a certified deed made by the County Clerk of Montgomery County, Texas, showing he had made such deed; although he did not remember selling any land to W. F. Williams that the documents showed to him by Nowlin, and Nowlin's arguments were so convincing in the absence of any better information or record, he assumed that he had had some transaction of the kind with Williams, and the details had slipped his memory, and not wanting to prevent any one from receiving property that rightfully belonged to them, and relying upon the evidence produced by Nowlin, he gave him a confirmation deed in which he attempted to confirm what was represented to him to be a sale he had made in 1904. Further testifying, he said that he had never known W. F. Williams; that he did not sell W. F. Williams the land in the Slade survey or any land; that he did not execute the deed of which the photostatic copy purported to be a copy; that W. F. Grimes and A. C. Springfield also came to Mendota, Ill., to see him and urged him to execute the confirmation deed. While page 640 of volume 34 on which it was alleged by appellants that the deed of 1904 from Rogers to Williams was recorded, had been cut out and was gone, C. B. Stewart, County

Clerk of Montgomery County, Texas, and one of the defendants, testified by deposition that no such deed as alleged by appellants from Rogers to Williams conveying the land in controversy, was or had ever been recorded in volume 34 on page 640 of the Deed Records of Montgomery County, Texas; that the instrument recorded on page 640 was a continuation of another instrument begun on page 638 of volume 34. We make no further effort to state evidence tending to show that no such deed as that alleged by appellants from Rogers to Williams in 1904, was executed by Rogers or recorded in the Deed Records of Montgomery. There was much such evidence.

No error appearing, the judgment should be affirmed, and it so ordered.

Affirmed.