BROWN et al. v. CONNOR et al.

No. 5481.

Court of Civil Appeals of Texas. Texarkana.

May 2, 1940.

Scott, Hall & Lindsay, of Marshall, for appellants.

Renfro & Kilgore, of Dallas, for appellees.

JOHNSON, Chief Justice.

W. T. Connor, Jr., O. W. Connor, and M. A. Connor filed this suit in trespass to try title against Horace C. Brown, D. B. Oliver, George F. Brown, E. Kelly Brown, John Lingold, and F. M. Scott, individually and as independent executor of the estate of Daisy W. Brown, deceased, for the recovery of Block No. 30, being approximately 50 acres, of the Ennis Ury H. R. Survey in Marion County. In addition to the allegations of statutory trespass to try title, plaintiffs specially alleged that in a deed from the First National Bank of Taylor, Texas, to G. W. Brown and in a deed from G. W. Brown to W. F. Hull that Block No. 21 instead of Block No. 30 as recited therein, was intended to be excepted from said conveyances. Plaintiffs further alleged that Brown Lumber Company was the common source of title. The defendants answered by general demurrer, general denial, and a plea of not guilty.

The Ennis Ury Survey contains a subdivision of thirty blocks numbered from 1 to 30 inclusive, each of which contains approximately 50 acres of land. June 20, 1916, Brown Lumber Company conveyed to the First National Bank of Taylor, Texas, 965 acres out of the Ennis Ury Survey which included Block No. 30. September 19, 1919, the First National Bank of Taylor quitclaimed to G. W. Brown its interest in the whole of the tract of land included within said blocks 1 to 30, inclusive, then excepted therefrom twelve blocks, among those excepted was Block No. 30. September 22, 1919, G. W. Brown and wife, Daisy Brown, conveyed to W. F. Hull by general warranty deed the whole of the tract of land embraced within said thirty blocks, save and except twelve blocks, among those excepted was block No. 30.

November 26, 1923, Mrs. J. Ora Hull by warranty deed reciting that she was "a widow", conveyed to M. C. Hull said thirty blocks of land, less twelve blocks, among those excepted was Block No. 30. December 5, 1923, M. C. Hull and wife conveyed to J. H. Ethridge and C. M. Reid said thirty blocks of land, less twelve blocks, among those excepted was Block No. 30. January 4, 1924, C. M. Reid and wife and J. H. Ethridge conveyed to Mary L. Manning said thirty blocks of land, less twelve blocks, among those excepted was Block No. 30. September 24, 1926,

Mary L. Manning conveyed to C. M. Reid said thirty blocks of land, less twelve blocks, among those excepted was Block No. 30. April 29, 1927, C. M. Reid and wife executed a deed of trust to J. M. Curry, Trustee, for the benefit of Connor Brothers, a partnership composed of W. T. Connor, Jr., O. W. Connor, and M. A. Connor, on said thirty blocks of land, except twelve. blocks, among those excepted was Block No. 30. June 5, 1934, J. M. Curry, Trustee, acting under the authority · contained in said deed of trust, conveyed to said Connor Brothers said thirty blocks of land, except twelve blocks, among those excepted was Block No. 30.

On September 17, 1937, M. C. Hull, Mittie Hull Ward, joined by her husband, Cecil D. Ward, Zelda Mae Currin, joined by her husband, R. W. Currin, Deryl Hull and Fred Hull by quitclaim deed reciting that they were "all of the surviving heirs of W. F. Hull and J. Ora Hull, deceased," quitclaimed to W. T. Connor, Jr., O. W. Connor, and M. A. Connor, all their right, title and interest in and to said thirty blocks of land, save and except twelve blocks. Block No. 30 was not among the blocks excepted from the conveyance. August 3, 1936, the First Taylor National Bank of Taylor, Texas, successor to the First National Bank of Taylor, Texas, by quitclaim deed quitclaimed to F. M. Scott, Independent Executor of the Estate of Mrs. Daisy Brown, deceased, all its right, title and interest in and to said Block No. 30. ·

Two special issues were submitted to the jury, in response to which they found: (1) That "in the deed from the First National Bank of Taylor to G. W. Brown it was intended to except tract No. 21 instead of tract No. 30"; and (2) "in the deed from G. W. Brown and wife, Daisy Brown, to W. F. Hull it was intended to except from their conveyance tract No. 21 instead of tract· No. 30." Defendants' motion for judgment was overruled and judgment for plaintiffs was entered upon the verdict of the jury. From an order overruling their motion for new trial defendants have appealed.

■ In their motion for judgment and for new trial, and in their assignments of error and propositions here presented, appellants make the contention that appellees, plaintiffs below, fail to show title into themselves, either from the State or from Brown Lumber Company, the alleged common source, in that they fail to show any evidence of title out of W. F. Hull. The contention is sustained. Appellees show a conveyance of Block No. 30 from Brown Lumber Company to First National Bank of Taylor; a conveyance by First National Bank of Taylor to G. W. Brown, and a finding of the jury that Block No. 30 was intended to· be included therein; a conveyance from G. W. Brown and wife, Daisy Brown, to W. F. Hull, and a finding of the jury that Block No. 30 was intended to be included therein. Appellees introduced no evidence of title from or out of W. F. Hull. The quitclaim deed dated September 17, 1937, from M. C. Hull and others above mentioned recites that they were "all of the surviving heirs of W. F. Hull and J. Ora Hull, deceased," but there is no testimony, or other legal showing, that they were such heirs. The recital in said deed is not evidence of that fact, as against appellants. "Recitals in a deed are evidence against the parties to such deed and their privies, but not against strangers." Watkins v. Smith, 91 Tex. 589, 45 S.W. 560, 561; McCoy v. Pease, 17 Tex.Civ.App. 303, 42 S.W. 659; Teagarden v. Patten, 48 Tex.Civ.App. 571, 107 S.W. 909; Stuart v. Harper, Tex.Civ.App., 143 S.W. 712; Whitman v. Aldrich, Tex. Civ.App., 157 S.W. 464; Orr v..Armstrong, Tex.Civ.App., 81 S.W.2d·710; Roberts v. Waddell, Tex.Civ.App., 94 S.W.2d 211; Wilder v. American Produce Co., Tex.Civ. App., 106 S.W.2d 1073. ·   .

■ Appellees make contention to the effect that the recital in said deed, taken together with a statement to the same effect, that is, that said M. C. Hull and others named in said deed were the surviving heirs of W. F. Hull and J. Ora Hull, deceased, made by an attorney for appellees at the beginning of the trial, should be held sufficient to establish such heirship. The statement of facts shows that such an unsworn statement was made by an attorney for appellees, but the statement of facts further expressly shows that attorneys for appellants did not consent or in any wise agree to such statement. In such circumstances we do not think such statement can be considered for any purpose.

■ Appellees further contend that the judgment of the trial court should be affirmed under the rule that in trespass to try title a plaintiff may recover upon a showing of prior possession. Such is a

general rule of law, but appellees do not in point of fact bring themselves within the rule. We have examined the statement of facts, and it fails to show that appellees have ever had possession of Block No. 30 or any part of it.

The judgment of the trial court will be reversed and the cause remanded.